[No. 55140-5. En Banc. November 17, 1988.]

STEILACOOM HISTORICAL SCHOOL DISTRICT NO. 1, *Petitioner,* v. DOYLE E. WINTER, ET AL, *Respondents.*

*James J. Mason,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Jerald R. Anderson, Assistant,* for respondent Winter.

*Richard A. Finnigan* and *Johnson, Lane & Crawford,* for respondent Clover Park School District.

BRACHTENBACH, J.—The Legislature has provided alternative methods for transfer of property between school districts under specified conditions when property within one school district is annexed to a town or city which is within a second district. Transfer is discretionary when sought by the second school district. Transfer is mandatory when the annexed territory contains no school or school site and 75 percent or more of the registered voters within the territory petition for transfer. The Steilacoom Historical School District attempts to use a resident's petition to mandate a transfer following denial of its petitions for discretionary transfer.

Prior to 1972 the City of DuPont annexed land located in the Clover Park School District. The rest of the City of DuPont was then within the DuPont–Fort Lewis School District. In 1972, an individual, asserting herself to be the only registered voter in the annexed territory, petitioned the educational service district superintendent to declare the annexed territory located within the Clover Park School District to be part of the DuPont–Fort Lewis School District.

The Clover Park School District thereafter brought an action seeking a permanent injunction prohibiting the superintendent from making such a declaration. Late in

1975 Clover Park's action was dismissed for want of prosecution. No further action was taken with regard to the 1972 transfer petition until this case arose.

In the meantime, the Steilacoom Historical School District was formed in 1975 and included what had previously been the DuPont–Fort Lewis School District. In 1977 and in 1979 Steilacoom petitioned the Pierce County Committee on School District Organization to transfer to it the annexed territory within the Clover Park School District. Both petitions were rejected.

Then, in April 1986, Steilacoom petitioned Pierce County Superior Court for a writ of mandamus directing Doyle E. Winter, the present Superintendent of Educational Services District No. 121 and a successor to the superintendent to whom the 1972 petition was presented, to declare the annexed territory to be part of Steilacoom Historical School District No. 1 based on the 1972 transfer petition. Clover Park School District was joined as an intervening respondent. Steilacoom moved for summary judgment. The trial court granted the motion, and ordered Winter to declare the annexed territory part of the Steilacoom Historical School District.

Winter and Clover Park appealed. The Court of Appeals reversed, holding that Steilacoom lacks standing to compel action on the 1972 petition. The court also held that when the former superintendent left office without acting on that petition, the petition died and Winter could not be compelled to perform an act demanded of his predecessor in office. We affirm on the basis that Steilacoom lacks standing.

RCW 28A.57.150 provides in relevant part:

In case of the extension of the limits of a town to include territory lying in a school district that operates on more than one site one or more elementary schools and one or more junior high schools or high schools, the regional committee shall, in its discretion, prepare a proposal or proposals for annexation to the school district in which the town is located any part or all of the territory aforesaid which has been included in the town and for

annexation to the school district in which the town is located or to some other school district or districts any part or all of the remaining territory of the school district affected by extension of the limits of the town: *Provided,* That where no school or school site is located within the territory annexed to the town and not less than seventy–five percent of the registered voters residing within the annexed territory present a petition in writing for annexation and transfer of said territory to the school district in which the town is located, the educational service district superintendent shall declare the territory so included to be a part of the school district containing said town . . .[1]

 In order to have standing to compel action on the 1972 transfer petition, Steilacoom must have a protected interest under the proviso in RCW 28A.57.150 permitting the registered voters of annexed territory to petition for transfer. *See generally Nisqually Delta Ass'n v. DuPont,* 95 Wn.2d 563, 627 P.2d 956 (1981); *Vovos v. Grant,* 87 Wn.2d 697, 555 P.2d 1343 (1976); *Mitchell v. John Doe,* 41 Wn. App. 846, 706 P.2d 1100 (1985); *DeWeese v. Port Townsend,* 39 Wn. App. 369, 693 P.2d 726 (1984). By its plain language the statute allows a transfer petition to be presented only by the registered voters of annexed territory. Accordingly, only the registered voters have the right to compel the superintendent to perform the mandatory duty created by the statute.

Steilacoom tried the proper method of seeking a discretionary transfer when it petitioned the county committee for transfer in 1977 and 1979. Its attempts failed. We will not permit Steilacoom to use the 1972 petition to bootstrap itself into an automatic transfer, thereby giving it an advantage which the statute grants only to the residents of the annexed territory.

---

[1]The relevant part of the statute has not changed since 1972, with the exception of the former term "county committee" being changed to "regional committee," Laws of 1985, ch. 385, § 19, and the former term "intermediate school district superintendent" being changed to "educational service district superintendent," Laws of 1975, 1st Ex. Sess., ch. 275, § 90.

Moreover, this case does not involve a controversy of serious public interest such that standing requirements will be applied more liberally. *See Seattle v. State,* 103 Wn.2d 663, 668, 694 P.2d 641 (1985); *Washington Natural Gas Co. v. PUD 1,* 77 Wn.2d 94, 96, 459 P.2d 633 (1969). Instead, this case involves Steilacoom's effort to increase its tax base. Resolution of the controversy affects only the Steilacoom and Clover Park school districts.

Steilacoom's lack of standing to compel action on the 1972 petition does not foreclose the district from pursuing its interest as an individual district. There is an alternate, proper statutory procedure for seeking transfer.

Finally, the policy expressed in RCW 28A.57.150 of generally providing that cities and towns be served by a single school district does not confer standing on Steilacoom. We note, in any event, that the statute recognizes instances where annexed territory may lie within two school districts; the policy is not an absolute mandate.

Turning to the question whether mandamus is available to compel Winter to transfer the annexed territory, we emphasize that resolution of the issue is not necessary to our decision. However, the Court of Appeals resolution of the issue is erroneous, and we address the question solely to correct any misunderstanding arising from its opinion.

The Court of Appeals reasoned that the 1972 transfer petition "died" when the former superintendent left office, and that mandamus is not available to compel present superintendent Winter to transfer the annexed territory absent a request of him to do so. The first problem with this reasoning is that it suggests that a valid petition becomes a nullity when an incumbent superintendent leaves office. No authority is cited for this proposition, and the statute does not suggest that this is the case.

Second, the opinion indicates that a demand must be made of a superintendent before mandamus will lie. Initially, because the statute requires a superintendent to transfer annexed territory when a valid petition is presented, an additional demand is unneeded—the duty to

transfer arises automatically. Also, as this court long ago recognized, a demand is generally not required where the duty is one owed to the public, as opposed to duties of a purely private nature. *See, e.g., State ex rel. Grinsfelder v. Spokane St. Ry.*, 19 Wash. 518, 53 P. 719 (1898); *see also* 55 C.J.S. *Mandamus* § 33 (1948). We are not convinced that a demand, other than a valid petition, is necessarily a condition precedent to a mandamus action brought to compel transfer upon a residents' petition presented pursuant to RCW 28A.57.150.

However, the mandatory duty under the proviso in RCW 28A.57.150 arises only when a valid petition is presented. Until that time, there is no duty. Thus, the duty under the proviso differs from duties imposed upon officials by statutes setting forth obligations which exist without any triggering event.

We agree with Winter that he should not be compelled to perform the proviso's nondiscretionary duty as the current superintendent until he has had an opportunity to function. In his affidavit he states that prior to the filing of this action Steilacoom did not request or demand that he transfer the annexed territory. He does not state whether or not he was aware of the 1972 petition prior to the filing of this action. Assuming the present validity of the petition (which we do not decide), if Winter was unaware of the petition, some 14 years after it was presented, he had no opportunity to function on it. Under those circumstances, a further request would be in order before mandamus is sought.

Third, the Court of Appeals relied on cases holding that a mandamus action is personal as to the defendant and does not reach the office; therefore, a successor in office is not subject to a writ sought against his or her predecessor. *See United States v. Boutwell*, 84 U.S. (17 Wall.) 604, 21 L. Ed. 721 (1873); *Leggitt v. Nesbitt*, 415 S.W.2d 696 (Tex. Civ. App. 1967). While the federal courts and some state courts hold this view, a number of state courts hold that the writ of mandamus operates on the office and therefore does not abate by a change of personnel in the office. *See,*

*e.g., Milburn v. Burns,* 1 Ariz. App. 147, 148, 400 P.2d 354, 355 (1965) (citing *Bisbee v. Cochise Cy.,* 50 Ariz. 360, 370, 72 P.2d 439, 443–44 (1937)); *Gossett v. Hanlon,* 195 So. 2d 865 (Fla. Dist. Ct. App. 1967); *Commonwealth ex rel. Brown v. Schmidt,* 287 Pa. 150, 134 A. 478 (1926). *See generally* Annot., *Change of Incumbent of Office or of Personnel of Board or Other Official Body as Affecting Mandamus Proceeding Previously Commenced,* 102 A.L.R. 943 (1936); 55 C.J.S. *Mandamus* § 38 (1948). Neither view is apposite here, however. This action was not brought against Winter's predecessor, but instead was brought against Winter as a named defendant. If he had the opportunity to function on a valid petition, a mandamus action would therefore be proper.

Affirmed.

PEARSON, C.J., and UTTER, DOLLIVER, DORE, ANDERSEN, CALLOW, DURHAM, and SMITH, JJ., concur.