403 P.2d 825

Carroll **CHRISTIAN**, Treasurer, Ex Officio Tax Collector, Pima County, State of Arizona, Appellant,

v.

Kizer **COTTEN** and Theadora Cotten, husband and wife, the United States of America, a body politic, and Investment Company of Tucson, Inc., Appellees.*

No. 2 CA–CIV 67.

Court of Appeals of Arizona.

July 8, 1965.

Review Denied Oct. 13, 1965.

No. 8012. The matter was referred to this court pursuant to § 12–120.23, A.R.S.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, Former Atty. Gen., Robert S. Murlless, Asst. Atty. Gen., Phoenix, for appellant.

William P. Copple, U. S. Atty., Carl A. Muecke, Former U. S. Atty., Phoenix, John E. Lindberg, Asst. U. S. Atty., Tucson, for appellee United States of America.

Alexander J. Traficanti, Tucson, for appellee Investment Co. of Tucson, Inc.

MOLLOY, Judge.

The judgment from which an appeal is taken is one which orders the issuance of a treasurer's deed to the plaintiff, Investment Company of Tucson, Inc., under the provisions of A.R.S. § 42–451 et seq., which provide that a treasurer's deed shall be issued to property which has been sold for delinquent taxes if there is no redemption within three years after the sale thereof. Though it was not a party below, notice of appeal was given by "Pima County, State of Arizona."

The appellant complains that the decree below ordered that the treasurer's deed be issued subject to a mortgage held by the United States of America and two judgment liens held by the United States of America. The United States of America was joined as a defendant by the plaintiff in the action below, as was the record owner of the property and "Carroll H. Christian, Treasurer and Ex Officio Tax Collector of Pima County."

The plaintiff in its original complaint had contended that its rights under a tax sales certificate purchased by it from Pima County Treasurer were superior to the mortgage and liens of the United States of America. United States of America had denied this priority in its answer.

In the answer filed by Carroll H. Christian, as Treasurer of Pima County, it is admitted that he is the ex officio tax collector of Pima County, and that the plaintiff is the holder of a tax certificate for the property described in the subject complaint. The answer denied, for lack of information, the other allegations of the complaint pertaining to the plaintiff's right to a treasurer's deed and the existence of the federal liens. The answer further " * * * disclaims any and all right, title and interest whatsoever in and to the premises and property described in plaintiff's complaint," and stated that the defendant " * * * is prepared, when properly ordered by the court so to do, to execute and deliver a treasurer's deed to such property as the court may designate in its order."

At the time of trial neither the United States government nor the defendant Carroll H. Christian offered any evidence. A deputy county attorney, representing the defendant Christian, stated at the time of trial, after both the plaintiff and the United States of America had rested:

"I don't have anything. We will follow any judgment of the court in that regard. The form of the treasurer's deed as set forth in the statute, it doesn't appear to be mandatory because it uses the word 'may' and I conclude if the court decides that if it can order the sheriff to issue a treasurer's deed by way of the judgment which would provide for any condition that the court would set and the treasurer merely performs ministerial duty in executing that. Carroll Christian has no further matters in this lawsuit."

On appeal, "Pima County, State of Arizona," contends that the integrity of its tax structure is jeopardized by the judgment rendered by the lower court in that it makes tax liens subordinate to federal liens subsequently acquired. The United States of America, in its brief, has questioned the right of the appellant to bring this appeal only "parenthetically." The only mention we find in the appellee's brief mentioning in any way the position of the appellant below is in the following language:

"* * * Parenthetically, it should be noted further, no objection was made by the County during the course of the hearing relative to the status of such liens and no objection was recorded to the form of Judgment rendered."

This court is unsure as to whether this raises the question of whether the party appealing in this case has an appealable interest. However, even if not raised by the appellee, this court holds that it may raise the question of the appealable interest of the appellant. Matters of jurisdiction may and should be raised by the appellate court on its own motion. Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 365 P.2d 208 [1961]; In re Tribble, 94 Ariz. 129, 131, 382 P.2d 237 [1963].

Though there is a paucity of authority on the subject, this court agrees with the following statement in 4 Am.Jur. 2d, § 172, Appeal and Error, p. 684:

"* * * If no party entitled to appeal is before it, the appellate court is without jurisdiction. * * *"

This court holds that in order for a person to be entitled to appeal it must be both [1] a party to the action and [2] one "aggrieved" by the judgment or order appealed from. Rule 73(a), R.C.P., 16 A.R.S.; In re Roseman's Estate, 68 Ariz. 198, 203 P.2d 867 [1949]; Keystone Copper Mining Co. v. Miller, 63 Ariz. 544, 164 P.2d 603 [1945]; Britz v. Britz, 95 Ariz. 247, 389 P.2d 123 [1964]; 4 Am.Jur.2d, Appeal and Error, § 180 and § 203, pp. 689 and 709; 4 C.J.S. Appeal and Error § 183, p. 554, et seq.

Here we have neither a party of record nor, even if we were to consider "Pima County, State of Arizona," as the alter ego of the defendant Carroll H. Christian, Treasurer of Pima County, do we have a party "aggrieved" by the decision of the lower court.

It is undisputed here that the plaintiff who purchased the tax certificate from defendant Carroll H. Christian paid in full for all taxes which were assessed and all interest, penalties and special charges accruing in connection with delinquencies of said taxes. Thus, "Pima County, State of Arizona," has no pecuniary interest whatsoever in this action. This litigation is in no sense a declaratory judgment action to determine, in the abstract, the priority between federal liens and state tax liens. The essence of the action is one to cut off rights of redemption of those entitled to redeem from tax sale. Town of Holbrook v. Koury, 50 Ariz. 526, 73 P.2d 698 [1937].

There is no warranty on the issuance of a treasurer's deed. 85 C.J.S. Taxation § 905 b, p. 322. But even if there were, the order of the trial court requiring that this treasurer's deed be made subject to the rights of the United States would tend to protect the defendant Carroll H. Christian, rather than increase possible liability.

■ ■ The court is reinforced in its decision when it contemplates the confusing result if the court should entertain this appeal and reverse the decision of the lower court insofar as this appellant is concerned. The plaintiff has lost its litigation with the United States of America and, not having appealed from the judgment of the lower court, is bound thereby. 5 C.J.S. Appeal and Error § 1920, p. 414. Thus, as between the plaintiff and the United States of America, the liens of the United States of America are superior to the rights of the plaintiff. If this court were to tamper with the judgment of the lower court now, at the behest of "Pima County, State of Arizona,"

and determine that the rights of the United States of America are inferior to the plaintiff's rights, then the confusion inherent in the problem of state versus federal liens [cf., "Federal Priorities and Tax Liens," 63 Colum.L.Rev., p. 1259, Nov. '63] would indeed be compounded as to this property.

Appeal dismissed.

KRUCKER, C. J., and HATHAWAY, J., concurring.