405 P.2d 826

Mary C. TAYLOR, Executrix of the Estate of Robert C. Taylor, Deceased, Appellant,

v.

AMERICAN NATIONAL INSURANCE COMPANY, a corporation, Appellee.

No. 1 CA-CIV 120.

Court of Appeals of Arizona.

Sept. 23, 1965.

Shimmel, Hill, Kleindienst & Bishop, Phoenix, for appellant.

Gust, Rosenfeld & Divelbess, Phoenix, for appellee.

STEVENS, Chief Judge.

A judgment was entered in conformity with a ruling granting the plaintiff's Motion for Summary Judgment. The defendant appeals.

■ Pursuant to Rule 75(a) of the Rules of Civil Procedure, 16 A.R.S., the defendant filed a Designation of Contents of Record on Appeal. The plaintiff did not file a Designation of any additional portion of the record and the matters contained in the defendant's Designation were incorporated in the Abstract of Record. The defendant's opening brief was filed. Thereafter, the plaintiff, without first securing leave of the court, filed a Supplemental Abstract of Record setting forth a memorandum which the defendant had filed in the Superior Court in relation to the motion for summary judgment and which memorandum was not included in the defendant's Designation. The defendant moved to strike the Supplement Abstract of Record. An examination of both the Abstract of Record and the Supplemental Abstract of Record persuaded this Court that the matters set forth in the Supplemental Abstract of Record were appropriate to the consideration of this appeal. The Court has the authority to order an enlargement of the record as more particularly appears in Rule 75(h) (2) of the Rules of Civil Procedure. This Court denied the motion to strike with leave to the defendant to attack the accuracy of the matters set forth in the Supplemental Abstract of Record. No attack was made. This Court does not recommend these procedures.

■ The designation of the record on appeal included "all minute and docket entries". The minute entries of the trial court disclose that the written judgment was signed on the 19th day of November, 1964. It was filed in the Office of the Clerk of the Superior Court on the 27th day of November. On the 23rd day of November the defendant filed her motion to va-

cate judgment and for new trial. There was no order continuing the motion for hearing and there was no stipulation of continuance. This motion came on for hearing on the 22nd day of December at which time the plaintiff objected to the hearing urging that the motion be deemed denied by operation of law. The trial court correctly so ruled. Rule 59(e) of the Rules of Civil Procedure and Bergman v. Bergman, 1 Ariz.App. 209, 401 P.2d 163 (1965).

Pursuant to Rule 75(d) of the Rules of Civil Procedure, the defendant filed her statement of points in relation to the appeal. These are two in number, the first being that the court erred in granting the motion for summary judgment and the second, that the court erred in denying the motion to vacate judgment and for a new trial. The motion recited, as the grounds upon which the same was to be urged, that the court erred in granting the motion for summary judgment.

As to point two, it is recognized that the denial of a motion for a new trial is not a condition precedent to a full appeal in a non-jury matter. McClinton v. Rice, 76 Ariz. 358, 265 P.2d 425 (1953). On the other hand, the motion for new trial and the disposition of the same is an essential prerequisite to an appeal in some cases. Where a motion for new trial is deemed denied by operation of law, this Court does not consider such denial to be a ruling by the trial court and, therefore, this Court will not review the "by operation of law denial" of the motion. This does not in any way preclude the litigants from urging on appeal any or all of the matters which are reflected in the motion for new trial. We, therefore, confine ourselves to the first ground in relation to the statement of points.

Before we approach this matter, however, there is another procedural matter which we will consider. The docket entries referred to in the above quoted portion of the Designation of the Record refer to a docket which the clerk is required to keep pursuant to the directions contained in Rule 79(a) of the Rules of Civil Procedure. In connection with the directives to the Clerk, the rule provides in part that there shall be noted in the docket " * * * [a]ll papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be noted chronologically. * * * " The docket reflects that the defendant secured an order allowing the filing of a third party complaint, that the third party complaint was filed, that a third party summons was issued and returned with four persons having been served by third party process, that the service of process was quashed as to two parties, this being confirmed by the minutes, and that no pleadings had been filed by the third parties defendant nor had defaults for failure to answer been entered before the trial judge ruled on the plaintiff's motion for summary judgment. There are other matters likewise reflected in the docket. These were matters of record in the file in the Superior Court as of the time that this case was considered by the trial judge. The Clerk of the Superior Court transmitted to this Court the third party complaint and other allied papers even though the same were not included in the Designation of the Record on appeal. A question arises within the Court as to whether it is appropriate for this Court to consider matters which are physically in the office of our Clerk in relation to this case which matters are not included in the Designation of the Record on appeal. While the case of Kerr-McGee Oil Industries, Inc. v. McCray, 89 Ariz. 307, 361 P.2d 734 (1961) is not precisely in point, nevertheless the case indicates that an Appellate Court should not consider the matters which the Clerk of the Superior Court forwarded which matters are not included in the Designation of the Record on appeal. It is our opinion that we should not give consideration to such matters which are so forwarded for the reason that they have not been considered by the attorneys in their briefs and

we cannot anticipate the arguments which the attorneys might address to these papers if they were aware of their physical presence in this Court.

We come now to Statement 1 of the Statement of Points which is as follows:

"The Court erred in granting plaintiff's motion for the summary judgment for the reason that the pleadings showed there were genuine issues as to material facts, and that the plaintiff was not entitled to a judgment as a matter of law."

After the death of Mr. Taylor, the plaintiff filed a creditor's claim based upon a series of promissory notes. The claim was rejected and within the time allowed by law, and on the 15th day of November, 1962, a suit was filed against the estate seeking a recovery in excess of $25,000. The docket entries reflect no activity other than an order by the court that unless action was taken, the case would be dismissed. On the 26th of June, 1964, an amended complaint was filed, this time the prayer specified a sum slightly in excess of $20,-000. The defendant filed her answer to the amended complaint on the 1st of July and at the same time paid her appearance fee. Neither of these pleadings was verified. Matters relating to the third party complaint then transpired. On the 2nd day of October, the plaintiff's unsworn motion for summary judgment was filed and on the 21st of October the defendant's unsworn reply was filed. The motion was argued on the 26th day of October; thereafter followed a minute entry order granting the motion and thereafter the formal written judgment which judgment was lodged with the Clerk on the 27th of November.

In the absence of special circumstances it would appear that the first point urged by the defendant in her statement of points is well taken and it would appear that the trial court disregarded the Rules of Civil Procedure and the then decided cases in relation to motions for summary judgment. However, let us examine the reply to the motion for summary judgment which was filed on behalf of the defendant and set forth in the Supplemental Abstract of Record. The reply recites in part:

"Defendant, MARY C. TAYLOR, by counsel undersigned, herewith submits her response to the Motion for Summary Judgment filed by plaintiff in this action."

Here follows a recitation of facts reflected in the probate file, an estimate of the estate's tax liability and an estimate of the percentage of recovery which can be realized by the estate's creditors if the plaintiff's claim is allowed in full. The memorandum then proceeds as follows:

"Defendant does not concur in plaintiff's Motion for Summary Judgment as filed herein. However, it is defendant's feeling that this case can be determined on a Motion for Summary Judgment, or if not so determined, that this Court can make an Order limiting the issues for trial, pursuant to Rule 56(d) Arizona Rules of Civil Procedure."

Then, the memorandum contains a recitation of certain facts which are not disputed, including the timely filing of the claim, its rejection and the timely filing of the suit. The memorandum continues:

"Defendant admitted the execution of the notes sued upon and their total principal amount but denied existing indebtedness, as alleged for various technical reasons set forth in its affirmative defenses. The affirmative defenses as raised, present questions of fact. However, even assuming for purposes of this Motion, that the facts raised are true, the Court can make a determination as to the validity of those defenses."

Thereafter there are recitations as to technical defenses and as to questions of plaintiff's legal right to effect an off-set in the matter of accruing commissions as against the obligation on the notes. With reference to certain of the notes sued upon, the response states:

"Plaintiff claims, and defendant cannot dispute, that there is a balance due on those notes, of FIFTEEN HUNDRED DOLLARS ($1,500.00)."

With reference to other notes, the response states:

"* * * on which there is a balance due of SEVENTEEN HUNDRED FIFTY FIVE DOLLARS ($1,755.00), which sum the defendant cannot dispute."

There is a further discussion as to certain factual matters and the memorandum concludes:

"Therefore, the Court should decrease plaintiff's claim accordingly and allow defendant such other relief as the Court deems proper in the premises."

The trial court granted the motion in the full amount. The trial court was invited to rule upon law questions and to either disregard fact questions or to assume facts to be true. The appeal is limited to the propriety of the ruling upon questions of fact and the appeal is silent as to the law under the conceded facts or the facts which the court was free to assume. In the face of the record, the defendant cannot now question privilege of the trial court in ruling upon the motion for summary judgment.

The judgment is affirmed.

CAMERON, J., and GEORGE M. STERLING, Superior Court Judge, concurring.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from consideration of this matter, Judge GEORGE M. STERLING was called to sit in his stead and participate in the determination of this decision.