409 P.2d 315

**Max HAECHLER, Appellant,**

**v.**

**George W. ANDREWS and Joyce F. Andrews, his wife, and Eugene F. Reedy and Betty Reedy, his wife, Appellees.**

**I CA–CIV 265.**

Court of Appeals of Arizona.

Dec. 28, 1965.

Rehearing Denied Jan. 19, 1966.

Review Denied Feb. 10, 1966.

1. 16 A.R.S., Rules of Civil Procedure.

Charles Christakis, Phoenix, for appellant.

Evans, Kitchel & Jenckes, by Earl H. Carroll, Phoenix, for appellees.

STEVENS, Chief Judge.

The Appellees' Motion to Dismiss the appeal has been considered by the Court. It is the opinion of the Court that this matter is of sufficient public interest to warrant the writing of a formal opinion.

The Appellees, for themselves and others, filed suit in the Superior Court to restrain the commission of a claimed nuisance. They sought a pendente lite injunction and a hearing was had upon their application. On 8 July the trial court entered its minute entry order granting the preliminary injunctive relief. The Appellees herein prepared a proposed formal written order and served the same. The order was not "approved as to form". At the same time the Appellees secured an order from the trial judge suspending the rules pursuant to Maricopa County Superior Court Rule XXIX and which order fixed the time for the filing and hearing of exceptions as to form for 9 July.

The said Maricopa County Rule is as follows:

"In the discretion of the Court the operation of any of *these rules* may be suspended when it is clearly shown to the court that harm or injustice would otherwise result". (Emphasis supplied) 17 A.R.S.

The entry of judgment is governed by Rules of Civil Procedure, 16 A.R.S. Rule 54(a) is as follows:

" 'Judgment' as used in these Rules includes a decree and an order from which an appeal lies. A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings."

Rule 58(a), as amended, is as follows:

"All judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so. The filing with the clerk of the judgment constitutes entry of such judgment, and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for taxing costs." Amended July 14, 1961. Effective on and after midnight Oct. 31, 1961.

Rule 58(d) is as follows:

"1. In case of a judgment other than for money or costs, or that all relief be denied, the judgment shall not be settled, approved and signed until the expiration of five days after the proposed form thereof has been served upon opposing counsel unless the opposite party or his counsel endorses on the judgment an approval as to form. This subdivision shall not apply to parties in default. * * *"

While Rule XXIX of the Maricopa County rules authorizes a Superior Court Judge to suspend the operation of local rules, there is no rule in the Rules of Civil Procedure authorizing a Superior Court Judge to suspend the operation of the Rules of Civil Procedure. The trial court had no power to shorten the time for the filing of exceptions to the form of the proposed interlocutory injunction. The Appellant adequately preserved his record in the trial court. The trial judge nevertheless signed the formal written interlocutory injunction on 9 July and it was filed the same day. It is our opinion that in so doing the court committed error but did not act beyond the jurisdiction of the court.

Thereafter and on 28 July the Appellees secured the issuance of an order to show cause directed to the Appellant and required him to show cause why he should not be held in contempt, and punished therefor, for a claimed violation of the 9 July interlocutory injunction. A hearing was had in relation to the order to show cause. The minutes of 25 August reflect the entry of an order finding Max Haechler in contempt and adjudging him to be in contempt. In connection therewith, the minutes further reflect that he was fined. This order was not reduced to a written order.

On 8 September a notice of appeal was filed,

"* * * from that certain Order entered in the above-entitled action on the 9th day of July, 1965, granting the preliminary injunction; the order to Show Cause entered on July 28, 1965; the Order denying Defendants' Motion to Quash said Order to Show Cause; and, the Order entered by the Court on August 25, 1965, holding the Defendant, MAX HAECHLER, in contempt of Court, together with all other Orders and Motions made in this cause and from the whole thereof."

Certain portions of the record have been lodged with this Court and the Appellees have moved to dismiss the appeal.

■ The written interlocutory injunction of 9 July is an appealable order, a judgment within the scope of A.R.S. Section 12–2101, subsec. F, par. 2 as amended. Appeals must be filed within sixty days from the effective date of the matter appealed from. Civil Rule 73(b), as amended. This notice of appeal was not so filed. Even though there was error in failing to observe Rule 58(d), this error did not extend the time to appeal. Nevertheless the entry of the order can be reviewed as an interlocutory order in an appeal from the final judgment, if one should be entered adverse to the Appellants.

■ The minute entry order of 25 August is not in such form as to entitle the same to be appealed. If and when the order is placed in the form contemplated by Rules 54(a) and 58(a) as amended, we may then be faced with the determination as to whether or not a pendente lite adjudication of contempt is appealable. We do not now decide that question. If such adjudication is appealable, we may then be called upon to determine whether or not the validity of the 9 July interlocutory injunction may be

questioned as being a proper basis for a judgment of contempt. We are not now called upon to decide this question.

Rule 14(a) of the Rules of the Arizona Supreme Court provides for the issuance of a mandate. The issuance of the mandate in this matter will constitute the dismissal of the appeal.

CAMERON and DONOFRIO, JJ., concur.