410 P.2d 703

**Violet G. PATCH, Appellant,**

**v.**

**M. S. BUROS and Arlene Buros, his wife, H. A. Buros and Leah Buros, his wife, dba Buros Construction Company, Appellees.**

**I CA–CIV 171.**

Court of Appeals of Arizona.

Feb. 9, 1966.

Klass & Welliever, by Max M. Klass, Phoenix, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, by Nathan Holt, James Moeller, Phoenix, for appellees.

STEVENS, Chief Judge.

This appeal involves the procedural aspects for a motion for new trial and the disposition of the motion. A detailed chronology is appropriate to the consideration of the case.

Violet G. Patch was the plaintiff in a personal injury action and the jury returned a verdict in her favor. The verdict was reduced to a formal written judgment which was filed on 2 December 1963, and on the same day a motion for new trial was filed. The minutes reflect that the motion for new trial was argued on 12 December 1963, and the same minutes disclose the following:

"ORDER taking * * * Motion for New Trial under advisement."

Rule 59(e) of the Rules of Civil Procedure (16 A.R.S.) is as follows:

"Time for determination of motion. Motions for new trial shall be determined within twenty days after rendition of judgment, and if not so determined shall be deemed denied, unless continued by order of the court, or by stipulation."

█ The order taking the motion for new trial under advisement is an "order of the court" by which the motion for new trial was "continued". This rule of law is stated in Zugsmith v. Mullins, 81 Ariz. 185, 303 P.2d 261 (1956). On page 187 of the Arizona Reports, on page 262 of 303 P.2d, the Supreme Court quotes an earlier Arizona case as follows:

" * * * we hold that the order of the court, taking the motion for new trial under advisement, was in effect an order of continuance such as is contemplated by the statute, and that the court did not lose jurisdiction to rule thereon thereafter."

On 24 January 1964, the court entered a minute entry order granting the motion for new trial, the order reciting the reasons for the ruling as required by Rule 59(m) of the Rules of Civil Procedure, this rule being as follows:

"Specification of grounds of new trial in order. No order granting a new trial shall be made and entered unless the order specifies with particularity the ground or grounds on which the new trial is granted."

The minute entry order of 24 January 1964, was reduced to the form of a formal written order, it was signed by the judge and it was filed with the clerk on 31 January 1964. The order form was prepared by the attorneys for the defendants, the parties successful in relation to the motion for new trial, and on 31 January 1964, a copy thereof was mailed to the attorney for the plaintiff. The fact of the signing is reflected in the court's minutes for the same date and a copy of the minutes were mailed to the attorney for the plaintiff.

Section 12–2101, before the 1964 amendment, authorized an appeal to be taken to the Arizona Supreme Court.

"F. From an order:
1. Granting or refusing a new trial * * *."

Rule 54(a) of the Rules of Civil Procedure states in part:

"Definition; form. 'Judgment' as used in these rules includes a decree and an order from which an appeal lies. * * *"

Rule 58(a), as amended, states in part:

"Entry. All judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so. * * *"

Rule 58(d) states in part:

"Objections to form. 1. In case of a judgment other than for money or costs, or that all relief be denied, the judgment shall not be settled, approved and signed until the expiration of five days after the proposed form thereof has been served upon opposing counsel unless the opposite party or his counsel endorses on the judgment an approval

as to form. This subdivision shall not apply to parties in default."

On 21 February 1964, the plaintiff filed a notice of appeal,

"from the order made and entered in the above-entitled Court in the above-numbered cause on the 24th day of January, 1954 (sic) * * *"

The record before this Court does not disclose the date that the record on appeal was lodged with the Supreme Court. There are official documents in the Superior Court file which were transmitted to this Court which disclose that the plaintiff's appeal was assigned Supreme Court No. 8410. On 4 September 1964, the plaintiff filed in the Superior Court an "amended notice of appeal" giving notice that she appealed to the Supreme Court,

"from the Formal Written Judgment made and entered in the above entitled and numbered cause on the 31st day of January, 1964 * * *".

The time within which an appeal must be taken is 60 days. Rule 73(b) (1), Rules of Civil Procedure.

On 6 October 1964, the Supreme Court in its cause number 8410, entered the following order:

"Appellees' Motion to Dismiss Appeal and Appellant's Objections thereto were carefully considered, and the Court being fully advised in the premises, ORDERED: Motion to Dismiss Appeal Granted. * * *"

The action so taken by the Supreme Court is not reported in the official case reports nor is there any requirement that the Supreme Court state its reasons for the entry of the order.

On 13 October, the plaintiff secured the issuance of a writ of execution seeking to levy execution based upon the 2 December 1963 judgment. On 16 October 1964, the plaintiff and the sheriff were restrained without notice from proceeding with the execution and were directed to show cause why an injunction should not be entered restraining them from levying execution in relation to the 2 December judgment. Aft-

er appropriate proceedings and on 26 January 1965, a minute entry order was entered which was carried forward to an 11 February 1965, formal written order (judgment) the same having been filed after the giving of the five day notice required by Rule 58(d). Section 12–2101 as amended, authorizes an appeal to be taken to the Court of Appeals.

"F.  From an order: * * *
        2.  Granting or dissolving an injunction * * *"

and the appeal now before this Court was processed, this Court having been activated on 4 January 1965.

■  We have taken judicial notice of records of the Arizona Supreme Court in relation to a case which became at issue in that court and was thereafter transferred to the Court of Appeals pursuant to Section 12–120.23 A.R.S. We did so for the reason that had the case remained in the Supreme Court, that Court could have taken judicial notice of its own records. Milburn v. Burns, 1 Ariz.App. 147, 400 P.2d 354 (1965). The Court of Appeals cannot take judicial notice of the records of the Supreme Court in relation to Supreme Court number 8410 even though that cause is one feature of the case, since cause number 8410 has not been transferred to the Court of Appeals.

■  In the event that the formal written order granting the motion for new trial dated and filed on 31 January 1964, is a valid and subsisting order, then the plaintiff was properly enjoined from attempting to levy execution in relation to the 2 December 1963 judgment. In the event that we should determine that this is not a valid and subsisting judgment, then there are other questions which need to be answered. Our attention is directed to State v. Birmingham, 96 Ariz. 109, 392 P.2d 775, which case was decided on 4 June 1964. Birmingham construes the rules which we have heretofore cited in this opinion and establishes that before an order is appealable, it must be in writing and signed by the judge. The above sequence of events,

together with matters presented on oral argument persuades us to assume that the Supreme Court's order of 6 October 1964, dismissing the appeal in its cause number 8410 was entered for the reason that there was an attempt to appeal in relation to the minute entry of 24 January and that there was not a timely appeal in relation to the formal order of 31 January granting the motion for new trial. This being so, the order granting the motion for new trial controls unless it was void for the failure to comply with Rule 58(d). It is urged that non-compliance with Rule 58(d) renders the 31 January order void. This Court has ruled adversely to the plaintiff's contentions in the recent case of Haechler v. Andrews, 2 Ariz.App. 395, 409 P.2d 315 (1965). In Haechler, we stated that in signing an appealable order without compliance with the rule,

"* * * the court committed error but did not act beyond the jurisdiction of the court".

In the recent case of Arizona State Retirement Board v. Gibson, 2 Ariz.App. 609, 411 P.2d 47, decided 7 February 1966, we also had under consideration the effect of the failure to comply with Rule 58(d). Therein we held that there was no reason to reverse the case for non-compliance with the rule since the matters contained in the judgment which were objectionable could be corrected on appeal.

We are mindful of Rule. VII, a procedural rule which was in effect before the adoption of "the new rules", the Rules of Civil Procedure, which became effective 1 January 1940. Rule VII also required a procedure similar to the present Rule 58(d). Harrington v. White, 48 Ariz. 291, 61 P.2d 392 (1936), is illustrative of the strict construction which the Arizona Supreme Court applied to Rule VII. It is the opinion of this Court that the rigid Harrington interpretation should not be applied to Rule 58(d). We note an absence of case law in Arizona under Rule 58(d). The case of Rogers v. Tapo, 72 Ariz. 53, 230 P.2d 522 (1951), is concerned with the procedural statute which is now Rule 55(b) (1) being the rule which requires three days notice of the hearing of the application for judgment by default being notice to a person who has theretofore appeared in the action. This rule can be classified as a "notice rule" in relation to a hearing as distinguished from a post-hearing procedure and in our opinion, would be more strictly construed than would Rule 58(d). In construing the three day notice rule, the Supreme Court stated in the Rogers case on page 57 of the Arizona Reports, on page 525 of 230 P.2d:

"It should be noted, however, that failure to give such notice is not jurisdictional, (citing cases), hence if application is not timely made to set it aside, the judgment becomes res judicata as any judgment entered on the merits."

In Rogers, timely application was made and the Supreme Court affirmed the order of the trial court in setting aside the judgment. We hold that the written order granting the motion for new trial dated the 31st day of January 1964, was not rendered void for non-compliance of Rule 58(d) but was at most entered through error which error must be raised by timely appeal. In this instance there was no timely appeal.

We have heretofore stated that the motion for new trial was not denied by operation of law for the claimed non-compliance of Rule 59(e) and we need not decide whether or not a denial of a motion for new trial for non-compliance with the twenty day provisions of Rule 59(e), commonly called a "denial by operation of law", must be reduced to a formal written order or judgment to be appealable. There is a valid outstanding order granting a new trial. There is no judgment upon which execution could issue. The plaintiff was properly enjoined from attempting to levy execution in relation to the 2 December 1963 judgment.

The Superior Court is affirmed.

CAMERON and DONOFRIO, JJ., concur.