413 P.2d 860

R. D. "Dick" SEARLES, Appellant,

v.

Joseph C. HALDIMAN, Jr., and Acme Real
Estate and Development, Inc., an Ari-
zona corporation, Appellee.

No. I CA–CIV 124.

Court of Appeals of Arizona.

May 9, 1966.

Burns & Ferrin, by S. Paul Ferrin,
Phoenix, for appellant.

Johnson & Shaw, by Marvin Johnson,
Phoenix, for appellees.

CAMERON, Judge.

This is an appeal from an order granting
defendant's motion to set aside a default.

Plaintiff filed a complaint in libel
on 13 August, 1964. Copies of the summons
and complaint were personally served up-
on the defendant, Joseph C. Haldiman, Jr.,
individually and as President of the Acme
Real Estate and Development, Inc., on the
same day. Affidavit on default and entry
of default was filed 22 September, 1964, and
motion to set aside default was filed by
the defendants 15 October, 1964. The
minute entry of 6 November, 1964, reads as
follows:

"This matter having been submitted for
ruling without argument, and the court
being fully advised in the premises,

"IT IS ORDERED granting defendant's
motion to set aside default."

Although the parties have not questioned
our jurisdiction, we must, nevertheless, pass
upon our jurisdiction to hear this appeal.
Stevens v. Mehagian's Home Furnishings,
Inc., 90 Ariz. 42, 365 P.2d 208 (1961), Bloch
v. Bentfield, 1 Ariz.App. 412, 403 P.2d 559
(1965), Christian v. Cotten, 1 Ariz.App. 421,
403 P.2d 825 (1965), Ginn v. Superior
Court, 1 Ariz.App. 455, 404 P.2d 721 (1965).

Generally, the power of this Court
to review actions of the Superior Court is
limited by 12–2101 A.R.S., and 12–120.21
A.R.S. State v. Mileham, 1 Ariz.App. 67,
399 P.2d 688 (1965). In the instant case,
neither this Court nor the Supreme Court
has jurisdiction to consider an appeal from
an order granting or denying a motion to
set aside an entry of default. Our Su-
preme Court has stated:

"After a motion to set aside entry of
default had been denied it remains for
the trial court to conduct hearings, when
appropriate, to determine the amount of
damages or to establish the truth of any
averment, and to enter judgment upon
the default. Ariz.R.Civ.Proc. 55(b), 16
A.R.S. An order denying a motion to
set aside default entered by the clerk of
the superior court is in no sense a final
judgment. Nor does such order deter-
mine the action so as to prevent entry of
judgment upon the default. Therefore,
the order is not appealable." Rueda v.

Galvez, 94 Ariz. 131, 132, 133, 382 P.2d 239, 240 (1963).

'And:

"If the question of whether the order setting aside the entry of default had been raised in the original opinion, this court would have decided it. If it is not an appealable order, the inadvertent acceptance of this appeal does not bar the court from refusing subsequent appeals in other cases involving this situation." Overson v. Martin, 90 Ariz. 151, 153, 367 P.2d 203, 205 (1961).

The appeal is dismissed.

STEVENS, C. J., and DONOFRIO, J., concur.