418 P.2d 416

In the Matter of ANONYMOUS, alleged neglected dependent minor children.
Martin S. ROGERS, Appellant,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PIMA and Alice N. Truman, a Judge thereof, Appellees.

2 CA–CIV 271.

Court of Appeals of Arizona.

Sept. 27, 1966.

Rehearing Denied Oct. 27, 1966.

John William Johnson, Tucson, for appellant.

Darrell F. Smith, Atty. Gen., Philip W. Marquardt, Asst. Atty. Gen., Phoenix, for appellees.

PER CURIAM.

Appellant Martin S. Rogers is prosecuting this appeal from an order of the superior court, Pima County, Arizona, finding him in contempt of court and ordering that he pay the sum of $100 to the superior court clerk to purge himself of said contempt or a bench warrant would issue for his arrest for failure to so do. Appellant thereupon filed his notice of appeal the same day.

■ We have often reiterated the principle that an appellate court has a duty, sua sponte, to inquire into its jurisdiction to entertain an appeal, notwithstanding the absence of a challenge to such jurisdiction. Ginn v. Superior Court In and For County of Pima, 1 Ariz.App. 455, 457, 404 P.2d 721 (1965); Christian v. Cotten, 1 Ariz.App. 421, 423, 403 P.2d 825 (1965); Searles v. Haldiman, 3 Ariz.App. 294, 413 P.2d 860 (1966).

■ Preliminarily, we must point out that the "order" from which this appeal is taken was a minute entry order bearing no signature of a judge. Such order does not comport with the requirements of Rule 58 (a), as amended, Arizona Rules of Civil Procedure, 16 A.R.S., and is therefore lacking in effectiveness for purposes of appeal. Haechler v. Andrews, 2 Ariz.App. 395, 397, 409 P.2d 315 (1965); State v. Birmingham, 96 Ariz. 109, 112, 392 P.2d 775 (1964).

■ Apart from this lack of the prerequisite of "form," the subject contempt order is not an appealable order. The lower court based its adjudication of contempt, after affording appellant a full opportunity to be heard, on appellant's failure to appear as counsel at a scheduled court hearing. Such act has recently been classified by the Supreme Court of Arizona as a criminal contempt within the purview of A.R.S. § 12–864, as distinguished from the criminal contempt referred to in A.R.S. §§ 12–861 through 12–863. Ong Hing v. Thurston, 101 Ariz. 92, 416 P.2d 416, 422 (1966). There being no constitutional or statutory authority conferring such right, appellant has no right of appeal. Herzog v. Reinhardt, 2 Ariz.App. 103, 104, 406 P.2d 738 (1965); See also Van Dyke v. Superior Court, 24 Ariz. 508, 543, 211 P. 576 (1922); In re Wright, 36 Ariz. 8, 13, 281 P. 944 (1929); A.R.S. § 12–2101.

Since an appeal does not lie from this contempt order, this court is without jurisdiction to proceed and the appeal is hereby dismissed.