419 P.2d 94

**H. S. HACKIN and Charlotte E. Hackin, his wife, Hackin Plumbing & Heating, Rosalind Gallai, Petitioners,**

v.

**The SUPERIOR COURT of Arizona, MARI-COPA COUNTY, Honorable George M. Sterling, Judge, L. C. Boies, Sheriff, Respondents;**

and

**Pioneer Plumbing Supply Co., an Arizona corporation, Real Party in Interest.**

**No. 1 CA–CIV 450.**

Court of Appeals of Arizona.

Oct. 14, 1966.

Rehearing Denied Nov. 14, 1966.

Review Granted Dec. 6, 1966.

Harry A. Stewart, Jr., Phoenix, for petitioners.

Spector & Johnson, by Albert B. Spector, Bernard L. Bebeau, Phoenix, for respondents.

STEVENS, Chief Judge.

The petitioners request that this Court issue either a writ of mandamus, a writ of prohibition, or a writ of certiorari. They further request that this Court fix a supersedeas bond.

The record in the Superior Court has not reached this Court. However, certain basic facts are presented to the Court in the form of exhibits to the petition and the response. These facts are summarized as follows:

Pioneer Plumbing Supply Co., a corporation, filed Cause No. 140,687 in the Superior Court for Maricopa County seeking a judgment on a promissory note and to foreclose a real property mortgage securing the note. The petitioners and others were parties defendant. The Allied Mutual Insurance Company, an Iowa corporation, intervened. Pioneer filed a further suit in Maricopa County being Cause No. 141,026 seeking damages against the petitioners. The two suits were consolidated and tried to the court sitting without a jury.

A judgment was entered in the damage action in favor of Pioneer and against the petitioners in the sum of $22,500 which judgment is not the subject of the problem presented to us.

A formal written judgment was filed in the foreclosure action on 23 June 1966. It contained an adjudication in favor of Allied and against the petitioners in the sum of $8,250 plus interest. The same formal written judgment also contained a money judgment in favor of Pioneer and against the petitioners for sums totaling in excess of $100,000, foreclosed the mortgage securing the same, authorized the issuance of a special execution and provided for the right to establish a deficiency.

On 29 June, a special execution was issued in relation to the mortgage foreclosure judgment. It was delivered to the Sheriff who duly set the date of the sale for 28 July. The special execution was limited to the mortgage foreclosure and the money judgment secured thereby. The special execution did not include the judgment for damages and this Court is not informed as to any execution to enforce the payment of the damage judgment in favor of Pioneer or to enforce the Allied judgment against the petitioners.

The petitioners filed their motion for new trial which was denied by a minute entry order. At the time of the informal oral presentation to this Court, the Court inquired and was informed that this minute entry order was not reduced to a formal written order, signed by the judge and filed.

On 27 July the petitioner gave notice of appeal in relation to the 23 June judgment and the minute entry order denying the motion for new trial. A $250 bond on appeal was posted. In the meantime, the petitioners requested that the trial court fix a supersedeas bond and on 27 July the trial court fixed a supersedeas bond in the sum of $150,000.

Rule 73 of the Rules of Civil Procedure, 16 A.R.S., contains the following provisions among others:

"73(k) Supersedeas bond. 1. Whenever an appellant entitled thereto desires a stay on appeal, he may present to the superior court for its approval a supersedeas bond which shall have such surety or sureties as the court requires and which shall be filed with the clerk of the superior court. The bond shall be conditioned for the satisfaction of the judgment in full, together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and costs, interest, and damages as the appellate court may adjudge and award. When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause

shown fixes a different amount or orders security other than the bond.

"2. When the judgment determines the disposition of the property in controversy as in real actions, replevin, and actions to foreclose mortgages or when such property is in the custody of the sheriff or when the proceeds of such property or a bond for its value is in the custody or control of the court, the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay."

 The petitioners urge upon the Court that the above quoted Rule 73(k) (2) should have been applied by the trial court in fixing the supersedeas bond and that the trial court abused its discretion in fixing the bond in the sum above recited. The petitioners suggest that a bond in the sum of approximately $6000.00 would be appropriate. On the other hand, the respondents urge that Rule 73(k) (1) applies and that the supersedeas bond is one which is appropriate in amount. On 28 July, at an hour prior to the time for the Sheriff's Sale, the petitioners filed in this Court the petition for extraordinary relief which is the subject of this opinion. The petitioners requested that this Court enter an order staying the Sheriff's Sale pending the determination of the issues presented by their petition. The powers of this Court are defined by statute except as to those powers which are inherent in relation to the proper consideration of those matters authorized by statute. State v. Mileham, 1 Ariz.App. 67, 399 P.2d 688 (1965). It is the opinion of the Court that this Court, in the situation presented to us, does not have the power to issue a stay without notice. We express no opinion as to the presence or absence of that power in other situations. We note an absence of guidelines similar to those set forth in Rule 65 of the Rules of Civil Procedure, 16 A.R.S. Rule 65 has many of the

features formerly found in Legislative enactments. See Sections 4278 to 4293 of the 1928 Revised Code of Arizona.

Upon the filing of the petition, this Court did not issue an order staying the Sheriff's Sale. It did issue its order fixing the time for an informal hearing later than the hour scheduled for the Sheriff's Sale. The Sheriff was informed of the matter pending in this Court prior to the actual sale by the service of a copy of the petition and of the order fixing the time for the informal hearing. The sale not having been stayed, the Sheriff conducted it as theretofore advertised. Pioneer bid a sum less than the total sum represented by the foreclosure judgment, thus leaving a deficiency judgment. In due time the informal presentation was made to this Court and the matter was taken under advisement.

██ In Arizona, courts exercising appellate jurisdiction have the authority to fix the amount of the supersedeas bond exercising that authority in connection with an application by way of an extraordinary writ. The case of Allison v. Chatwin, 99 Ariz. 99, 407 P.2d 69 (1965) is illustrative of the exercise of this jurisdiction. It is the opinion of this Court that in the fixing of a supersedeas bond in relation to an appeal from a judgment foreclosing a real property mortgage, the above quoted portion of Rule 73(k) (2) applies and in this we are unable to agree with the position of the respondents.

██ The case of Colvin v. Weigold, 31 Ariz. 370, 253 P. 633 (1927) establishes that once the Sheriff's Sale has been held, there is nothing which can be superseded. Therefore, even though we disagree with the trial court in the matter of the fixing of the supersedeas bond, there is now no means of remedying this error.

██ An order denying a motion for new trial is an appealable order. Section 12–2101, subsec. F(1) A.R.S. This order to be appealable must be in writing, signed by the judge and filed. Rule 54(a) and

amended Rule 58(a), Rules of Civil Procedure. There is a series of cases in both the Supreme Court and the Court of Appeals, beginning with State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964), which point out that the first two sentences of the above mentioned rules require not only that the order be appealable, but that it must be in proper appealable form. It is our opinion that the notice of appeal dated the 27th day of July 1966, which appeals from the order denying the motion for new trial, is premature. In the case of State ex rel. Corbin v. Superior Court, 2 Ariz.App. 257, 407 P.2d 938 (1965), this Court pointed out that until appealable orders are placed in proper form the time for appeal does not run and the orders do not become final.

The issuance of the mandate will constitute an order dismissing the petitions now before this Court.

CAMERON and DONOFRIO, JJ., concur.