419 P.2d 111

Richard John CHMIELEWSKI, Appellant,

v.

Margie Lee CHMIELEWSKI, Appellee.

I CA–CIV 333.

Court of Appeals of Arizona.

Oct. 17, 1966.

Richard John Chmielewski, in pro. per.

No appearance for appellee.

STEVENS, Chief Judge.

The wife secured a divorce after the husband had been served with process and his default had been entered. The formal written decree was filed on 1 June 1965.

On 29 October 1965 a "motion in form of writ of mandamus", signed by the husband, was marked as filed by the Clerk of the Superior Court. The motion sought to compel the wife to surrender to the husband certain of the husband's personal papers and other sole and separate personal property. The file does not reflect service of the motion upon the wife nor does it reflect that the husband paid his appearance fee to the clerk. On 8 November 1965 the trial court entered an order in its minutes denying the motion. No effort was made by the husband to cause the order to be "in writing and signed by a judge". Amended Rule 58(a) of the Rules of Civil Procedure, 16 A.R.S. Before an order can become an appealable order the requirements of Rule 58(a) must be satisfied. State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964). This principle of appellate procedure has been set forth in several Supreme Court and Court of Appeals cases.

The wife did not appear before this Court. The only brief filed was that of the husband. This Court examined the record and considered the case without oral argument. It was during this examination that the foregoing jurisdictional defect was discovered. This Court stated in Searles v. Haldiman, 3 Ariz.App. 294, 413 P.2d 860 (1966):

"Although the parties have not questioned our jurisdiction, we must, nevertheless, pass upon our jurisdiction to hear this appeal."

In face of the record before us, this Court is without jurisdiction to entertain the appeal. We do not pass upon any other potential question which might be raised by the record.

The issuance of the mandate in this matter will constitute the dismissal of this appeal without prejudice.

CAMERON and DONOFRIO, JJ., concur.