419 P.2d 735

**HOWARD P. FOLEY COMPANY, a corporation, and Jelco Doe, Inc., dba Foley-Jelco, a joint enterprise, Appellants,**

v.

**E. W. HARRIS, Appellee.**

**No. I CA–CIV 460.**

Court of Appeals of Arizona.

Nov. 1, 1966.

Rehearing Denied Dec. 16, 1966.

Review Denied Jan. 11, 1967.

Glen D. Webster, Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank, Phoenix, for appellants.

Hughes & Hughes, by John C. Hughes, Phoenix, for appellee.

STEVENS, Chief Judge.

The parties to this appeal are before this Court a second time. The first opinion was rendered in the case of Harris v. Howard P. Foley Co., 2 Ariz.App. 389, 409 P.2d 309 (1966), petition for review denied by the Arizona Supreme Court. The first opinion dealt with the jurisdiction of the Court of Appeals to entertain an appeal from a minute entry order entered in relation to a motion for new trial, the order containing remitter provisions.

After the denial of the review, the Court of Appeals issued its mandate which was filed by the Clerk of the Superior Court for Maricopa County on 17 February 1966. Harris filed a formal remitter on 18 February, and on 5 April the trial court entered a minute entry order denying the motion for new trial. No formal written order was signed by the trial judge in relation to the denial of the motion for new trial. Whereas Harris had appealed and Foley Co. had cross-appealed in the earlier case, this time it was Foley Co. through one of the above

named attorneys for the appellants which filed its notice of appeal on 2 June.

Harris filed the motion to dismiss, which is now before the Court, urging therein a lack of jurisdiction. Foley Co. concedes that the current appeal is premature. In view of the number of premature appeals which have been presented to this Court, it appears that the Bar is not wholly conversant with this vital and technical phase of the law.

■ It is well established that the Arizona Supreme Court and the Court of Appeals will each undertake to examine into its jurisdiction even in the absence of the issue being raised by the parties. Meloy v. Saint Paul Mercury Indemnity Co., 72 Ariz. 406, 236 P.2d 732 (1951); Stevens v. Mehagian's Home Furnishings Inc., 90 Ariz. 42, 365 P.2d 208 (1961); Rueda v. Galvez, 94 Ariz. 131, 382 P.2d 239 (1963); Bloch v. Bentfield, 1 Ariz.App. 412, 403 P.2d 559 (1965); Christian v. Cotten, 1 Ariz. App. 421, 403 P.2d 825 (1965), review denied; Ginn v. Superior Court, 1 Ariz.App. 455, 404 P.2d 721 (1965), review denied; Searles v. Haldiman, 3 Ariz.App. 294, 413 P.2d 860 (1966); Hunt v. Molloy, 3 Ariz. App. 327, 414 P.2d 176 (1966); Pegler v. Sullivan, 4 Ariz.App. 149, 418 P.2d 395 (decided 27 September 1966); Rogers v. Superior Court, 4 Ariz.App. 170, 418 P.2d 416 (decided 27 September 1966); Chmielewski v. Chmielewski, 4 Ariz.App. 207, 419 P.2d 111 (decided 17 Oct. 1966).

While there may be other specific code sections granting the privilege of appeal, our most frequent problems arise in relation to those orders which Section 12–2101 A.R. S. lists as being appealable. The problem before us in relation to many of the jurisdictional questions can be paraphrased as follows:

"An appealable order must be appealable in form."

In addition to the statutory privilege of appeal, Rule 54 of the Rules of Civil Procedure, 16 A.R.S. plays a very vital part in relation to appeals. Rule 54(a) provides in part:

"'Judgment' as used in these Rules includes a decree and an order from which an appeal lies."

Prior to the 1961 amendment, Rule 58(a), 16 A.R.S., authorized judgments by minute entry for the recovery of money or for the denial of all relief. The amended 58(a), however, requires that:

"All judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so."

There have been a number of cases in the Supreme Court and in both Divisions of the Court of Appeals which point out that the two short sentences contained in Rule 54(a) and the amended Rule 58(a) must be complied with before a court exercising appellate jurisdiction has jurisdiction to entertain the appeal. State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964); Bailey v. Superior Court, 97 Ariz. 293, 399 P.2d 907 (1965); State ex rel. Corbin v. Superior Court, 2 Ariz.App. 257, 407 P.2d 938; Haechler v. Andrews, 2 Ariz.App. 395, 409 P.2d 315 (1966), review denied; Associates Finance Corporation v. Scott, 3 Ariz.App. 1, 411 P.2d 174 (1966), review denied; Rogers; Hackin v. Superior Court, 4 Ariz. App. 190, 419 P.2d 94 (decided 14 October 1966); Chmielewski.

■ It might be well to again quote the very significant language found in Birmingham on page 112 of the Arizona Reports, 392 P.2d p. 777:

"By this rule (Rule 58a), the orders and judgments made appealable in A.R.S. § 12–2101 become effective when in writing, signed by a judge or court commissioner and filed with the clerk of the court. Rule 58(a) procedurally establishes what acts of the superior court are necessary—the manner in which the superior court must act—to create an effective and hence appealable order, decree or judgment. This is purely and solely procedural and neither diminishes nor augments the substantive right of appeal

given by the legislature. It is our conclusion, therefore, that in all those instances specified as appealable in A.R.S. § 12–2101 no order of the superior court is effective until the action taken complies with the directions prescribed in Rule 58(a).

"It should be emphasized that categorically orders of the superior court fall in two classes. First, those intermediate orders which by their nature do not settle the ultimate rights of the parties and from which no appeal is allowed. As to these, they need not be in writing or signed in order to be effective. Second, those orders, decrees or judgments, by whatever name they may be called, which to be effective and hence appealable must take the form of a judgment as set forth in Rule 58(a)."

This appeal is premature for the reason that the minute entry order of 5 April 1966 denying the motion for new trial, is not appealable in form.

■ The thought is sometimes expressed that compliance with Rule 58(a), as a condition precedent to appeal, unduly extends the time for appeal. In our opinion there is no magic in the preparation of a proper form of order for signature of the trial judge. There is no requirement that only one party or the other is authorized to prepare and present such an order. Either party desiring to place the record in appealable status and thus commence the running of the time for appeal, has the privilege of seeking the appropriate formal action of the trial court.

■ We deem it appropriate to clarify prior opinions with reference to Rule 59(e). This rule reads as follows:

"59(e) Time for determination of motion.

Motions for new trial shall be determined within twenty days after rendition of judgment, and if not so determined shall be deemed denied, unless continued by order of the court, or by stipulation."

When a motion for new trial is "denied" for failure to comply with the rule, it is frequently referred to as a "denial by operation of law". In Bergman v. Bergman, 1 Ariz.App. 209, 211, 401 P.2d 163, 165 (1965), review denied, the majority opinion stated:

"In any event, the motion for new trial not having been ruled upon within the twenty day period from the rendition of entry of judgment is deemed denied, and the sixty day time period (within which to file the notice of appeal) would commence to run on that day * * *."

The specially concurring opinion agreed with this statement as did the Court in *Associates Finance Corporation*. See also Taylor v. American National Insurance Company, 1 Ariz.App. 574, 405 P.2d 826 (1965).

In Patch v. Buros, 2 Ariz.App. 585, 588, 410 P.2d 703 (1966), while considering Rule 59(e), this Court stated:

"* * * we need not decide whether or not a denial of a motion for new trial for non-compliance * * * must be reduced to a formal written order or judgment to be appealable."

We now hold that it need not be. When a motion for new trial is denied by operation of law it is not an "order". The denial precludes certain future judicial action. An "order" reflects a judicial decision.

■ In the instant case, Harris urges that the motion to dismiss the appeal cannot be granted with leave to Foley Co. to request that the 5 April 1966 order be placed in proper form thereby placing the trial court case in a posture for a proper appeal. In the Harris v. Foley Co. case, we concluded the opinion saying:

"The appellees (Foley Co., et al.) filed a cross-appeal and requested, in the event that this Court sustains the motion to dismiss, that the cross-appeal be withdrawn without prejudice and dismissed.

* * * The issuance of the mandate in this matter will constitute the dismissal of the appeal and the dismissal of the cross-appeal."

Harris filed a motion for rehearing which motion was denied by an order of this Court without formal opinion prior to the time that the case was presented to the Supreme Court for review. The order of denial is as follows:

"The motion for rehearing and the response thereto have been considered by the Court. The motion urges that the opinion is not clear as to the dismissal of the cross-appeal. The dismissal of the cross-appeal will be without prejudice to the right to re-urge appeal in the event that the plaintiff again files notice of appeal after the trial court has entered its final order on the motion for new trial.

"IT IS ORDERED that the motion for rehearing be denied."

Harris urges that in the light of the minute entry order of this Court denying the motion for rehearing and Harris not having filed the appeal now before us, Foley Co. is precluded from appealing. In the first appeal, both the Harris appeal and the Foley cross-appeal were premature. It is unfortunate that this Court expressed itself in the order denying the motion for rehearing in the manner in which it did. This Court should not have purported to restrict a proper and timely appeal by either litigant. The legal effect of the former opinion and the mandate issued pursuant thereto was to place the parties in status quo in point of time prior to the record being placed in an appealable status. Nothing herein contained shall preclude the parties from raising other issues as to the propriety of appeal, if there be other issues.

The issuance of the mandate in this matter will constitute an order dismissing the appeal without prejudice.

CAMERON and DONOFRIO, JJ., concur.