421 P.2d 340

**CITY OF PHOENIX, a municipal corporation, Board of Adjustment No. I of the City of Phoenix, Milan Srnka, Burton Apker, Larry Clark, Mrs. Julius Citron and Ward J. Derks, individually and as members of Board of Adjustment No. I, Appellants,**

v.

**Leonard M. SINGER and Angela C. Singer, his wife, Appellees.**

**No. I CA–CIV 530.**

Court of Appeals of Arizona.

Dec. 16, 1966.

Rehearing Denied Jan. 11, 1967.

Robert J. Backstein, City Atty., Phoenix, by Edward P. Reeder, Asst. City Atty., for appellants.

Dushoff, Sacks & Corcoran, by Jay Dushoff, Phoenix, for appellees.

STEVENS, Chief Judge.

The Appellees moved to Dismiss this Appeal, urging a lack of jurisdiction. We

deem this matter of sufficient general interest to merit a brief opinion.

The following chronology appears in the record:

1) On 27 July 1966, the formal written judgment in question was filed with the Clerk after having been signed by the trial judge.

2) On 1 August 1966, the Appellants herein moved for a new trial, and three days thereafter, the Appellees filed their response.

3) There are no orders of continuance and no stipulations between the parties pertaining to the motion for new trial.

4) On 26 August 1966, the trial judge entered a minute entry order denying the motion for new trial.

5) On 25 October 1966, the Appellants filed their Notice of Appeal.

 Rule 59(e) of the Rules of Civil Procedure, 16 A.R.S., is as follows:

"Time for determination of motion. Motions for new trial shall be determined within twenty days after rendition of judgment, and if not so determined shall be deemed denied, unless continued by order of the court, or by stipulation."

The Appellees urge that pursuant to this Rule the motion for new trial was denied by operation of law twenty days after the filing of the judgment this being 16 August 1966. The Appellees further urge that the time within which to perfect the appeal expired sixty days thereafter. Rule 73(b), Rules of Civil Procedure. This date would be Saturday, 15 October 1966. Pursuant to Rule 6(a) of the Rules of Civil Procedure, the Notice of Appeal could then have been filed on Monday, 17 October 1966. It should be remembered that the denial by operation of law of the motion for new trial does not require that the denial be reduced to writing, signed by the judge and filed with the Clerk. These requirements relate to motions which have been ruled upon by judicial determination. Howard P. Foley Company v. Harris, 4 Ariz.App. 294, 419 P.2d 735 (1966).

 The attorneys for the Appellants raise no issue relative to the above chronology, but urge that Rule 59(e) is vague, indefinite, uncertain and unconstitutional. This rule has a statutory background extending into the territorial days of the State of Arizona and does not find its origin in the rule making powers of the Arizona Supreme Court. Subsection 5 of Section 5 of Article 6, Arizona Constitution, 1 A.R.S. The language of the rule, together with additional language not material here, is found as far back as Section 591 of the 1913 Civil Code.

In our opinion, the rule is clear, definite, certain and constitutional.

Upon the issuance of the mandate in this matter, the appeal will stand dismissed.

CAMERON and DONOFRIO, JJ., concur.