514 P.2d 1258

STATE of Arizona, Appellee,

v.

Henry R. WIMBERG, Appellant.

No. I CA–CR 537.

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 25, 1973.

Joe R. Purcell, City Atty. of the City of Phoenix by Christina J. Peterson, Asst. City Atty., for appellee.

Henry R. Wimberg, in pro. per.

## OPINION

STEVENS, Judge.

On 5 October 1971 a complaint was filed in the City Court of the City of Phoenix charging that Henry R. Wimberg, herein referred to as the defendant, violated Ordinance number 8–10A of the City of Phoenix in that he kept geese in an area less than 10,000 square feet. The defendant has at all times represented himself.

The case was tried in the City Court and the defendant was adjudged guilty on 21 December 1971 and placed on probation on conditions. Thereafter the defendant filed motions in the City Court and on 20 March 1972 he filed his notice of appeal which we quote in part:

"NOTICE IS HEREBY GIVEN that the above-named defendant appeals to the Superior Court of the State of Arizona, in and for the County of Maricopa, from the fine, sentence, judgment, and from the whole thereof, made and entered in the above entitled cause on December 7 and 21, 1971. Hearing on last motion was March 13, 1972."

The appeal was docketed in the Superior Court. On 19 June 1972 he was tried in a jury trial, the jury returning a verdict of guilty. Post verdict motions were filed and denied. On 3 July 1972 the Superior

Court entered its judgment of guilt and granted probation on conditions. There followed a certificate of probable cause and a notice of appeal to this Court.

The defendant urges the unconstitutionality of the above-cited ordinance as well as other matters. He relies upon A.R.S. § 22–375. We quote this section.

"§ 22–375. Limitation of appeal from the superior court in action appealed from inferior court

A. An appeal may be taken by the defendant from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute.

B. Except as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court."

■ The Arizona Supreme Court and the Court of Appeals examine cases before them to ascertain the presence or absence of their jurisdiction. We cite illustrative cases.

In Peterson v. Jacobson, 2 Ariz.App. 593, 411 P.2d 31 (1966), a situation similar to the present one was treated by the Court of Appeals. The defendant was tried and convicted in a Justice Court, and filed his appeal before he was sentenced. The Superior Court tried and convicted the defendant on an improperly amended complaint. The Court held, on defendant's application for a writ of prohibition:

"Jurisdiction of a court to try and punish an individual accused of a crime cannot be acquired by the court's mere assertion of jurisdiction, but must be invoked or acquired in the mode prescribed by law. If not so invoked, any judgment is a nullity." 2 Ariz.App. at 595, 411 P.2d at 33.

In Zoellner v. Zoellner, 4 Ariz.App. 561, 422 P.2d 392 (1967), it is stated:

"It is well established that the Arizona Supreme Court and the Court of Appeals will each undertake to examine into its jurisdiction even the absence of the issue being raised by the parties." 4 Ariz. App. at 561, 422 P.2d at 392.

See also: Meloy v. Saint Paul Mercury Indemnity Co., 72 Ariz. 406, 236 P.2d 732 (1951); Stevens v. Mehagian's Home Furnishings Inc., 90 Ariz. 42, 365 P.2d 208 (1961); Rueda v. Galvez, 94 Ariz. 131, 382 P.2d 239 (1963); Bloch v. Bentfield, 1 Ariz.App. 412, 403 P.2d 559 (1965); Christian v. Cotten, 1 Ariz.App. 421, 403 P.2d 825 (1965), review denied; Ginn v. Superior Court, 1 Ariz.App. 455, 404 P.2d 721 (1965), review denied; Searles v. Haldiman, 3 Ariz.App. 294, 413 P.2d 860 (1966); Hunt v. Molloy, 3 Ariz.App. 327, 414 P.2d 176 (1966); Pegler v. Sullivan, 4 Ariz. App. 149, 418 P.2d 395 (1966); Rogers v. Superior Court, 4 Ariz.App. 170, 418 P.2d 416 (1966), and Chmielewski v. Chmielewski, 4 Ariz.App. 207, 419 P.2d 111 (1966).

■ A.R.S. § 22–371 relates to the defendant's right to appeal to the Superior Court from the City Court in the first instance. We quote the section:

"§ 22–371. Right of appeal; procedure for taking appeal

A. The defendant in a criminal action may appeal to the superior court from the final judgment of a justice or police court.

B. The appeal shall be taken within ten days after imposition of sentence by filing a notice of appeal with a justice of the peace or presiding officer of a police court, stating that defendant appeals from the judgment to the superior court in and for the county."

Placing a defendant on probation is the same as "imposition of sentence" in determining the right to appeal. There is no provision for post judgment motions in the City Court which would extend the time for the appeal therefrom. The judgment and probation were on 21 December 1971. On that day the 10 days within which to appeal, as specified in A.R.S. § 22–371, be-

gan to run. There was no "appeal" until 20 March 1972. Thus, there was no valid appeal from the City Court. The Superior Court was without jurisdiction. This Court is without jurisdiction.

The appeal is dismissed.

DONOFRIO, P. J., Department A, and OGG, J., concur.