607 P.2d 380

**DNB CONSTRUCTION, INC., an Arizona corporation, and Fidelity and Deposit Company of Maryland, a Maryland Corporation, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona, and the Honorable Charles L. Hardy, Judge thereof, and J & W Rents, Inc., an Arizona Corporation, Real Party in Interest.**

No. 14622.

Supreme Court of Arizona,
In Banc.

Feb. 14, 1980.

Mahoney & Rood by John W. Rood, Phoenix, for petitioner.

Don Francone, Phoenix, for J & W Rents, Inc.

CAMERON, Justice.

This is a petition for special action resulting from the denial by the Superior Court of Maricopa County of a motion to dismiss an appeal from the Justice Court of Maricopa County.

We accepted the petition for special action because it involved a matter of statewide concern and there was no plain, adequate and speedy remedy by appeal.

We must answer one question: When does the time begin to run on a judgment in Justice Court for purposes of appeal?

The facts are not in dispute. The plaintiff J & W Rents sued the defendant DNB Construction Company in the Northwest Phoenix Justice Court. Trial was held on 18 January 1979 before a Justice of the Peace who deferred decision until 22 January 1979, when he rendered judgment in favor of J & W Rents in the amount of $436.33. This sum represented one-half of the amount requested in the prayer. In addition, J & W Rents recovered costs in the amount of $29.25. The Judgment Docket was signed by the Justice of the Peace on that day and notices were sent to the parties. The parties received the notices five or six days thereafter. J & W Rents prepared a formal written judgment which it forwarded to the court on 31 January 1979. This judgment was signed by the Justice of

the Peace on 1 February 1979, ten days after he had signed the judgment docket on 22 January 1979. On 9 February 1979, 19 days after the judgment docket had been signed, but less than ten days after the signing of the formal written judgment, J & W Rents perfected their appeal. DNB timely filed a motion to dismiss in the Superior Court on the grounds that the appeal by J & W Rents was not timely. This motion was denied and the Superior Court, after trial de novo, granted judgment in favor of J & W Rents for $872.66, plus attorney's fees. DNB petitioned this court for special action and we accepted jurisdiction.

## WHEN DOES THE TIME BEGIN TO RUN?

The applicable statutes are as follows:

"§ 22–241. Announcement and docketing of verdict or decision

"When a verdict is returned by a jury the justice of the peace shall announce the verdict in open court, note it in his docket and give judgment on the verdict. When the action has been tried without a jury, the justice shall announce his decision in open court, note it in his docket and give judgment on the decision.

"§ 22–242. Recording judgment

"The judgment shall be recorded at length in the docket and signed by the justice of the peace. The judgment shall clearly state the determination of the rights of the parties, who shall pay the costs, and shall direct issuance of such process as necessary to carry the judgment into execution.

"§ 22–262. Notice of appeal; bond

"A. The party appealing shall give notice of appeal in open court at the time judgment is given or shall file a written notice of appeal with the justice of the peace and serve a copy thereof upon the adverse party within ten days after judgment is given . . . ."

■ In the Superior Court a judgment is not generally final until a formal written judgment is signed by the Judge or Court Commissioner and filed with the Clerk of the Superior Court. Rule 58(a), Rules of Civil Procedure, 16 A.R.S., *Howard P. Foley Company v. Harris*, 4 Ariz.App. 294, 419 P.2d 735 (1966). The time within which to perfect an appeal begins to run at that time and not before. Had this been a Superior Court case the time for appeal would have commenced to run at the time the judgment prepared by J & W Rents was signed and filed.

■ The procedures for obtaining a judgment in Justice Court and for perfecting an appeal from a Justice Court are significantly different from the Superior Court procedures. The statutes contemplate that the jury verdict will be returned in open court and judgment rendered at that time, A.R.S. § 22–241, supra. When the action is tried to the court without a jury, the Judge shall announce his decision at the conclusion of the case, A.R.S. § 22–241, supra. The Justice of the Peace may defer determination until a later date. When he does reach a decision, however, he is required by A.R.S. § 22–242 to set forth the terms of the judgment in the docket and sign it. The judgment is entered at the time he signs the docket, A.R.S. § 22–242, and the aggrieved party has 10 days in which to perfect his appeal, A.R.S. § 22–262.

There is nothing in the statutes or rules which provides for the filing of a formal written judgment in the Justice Court. The formal written judgment prepared by J & W Rents was of no effect and it did not extend the time for appeal. Appeal being unavailable, the trial had no jurisdiction but to dismiss. *Kinnison v. Superior Court of Pima County*, 46 Ariz. 133, 46 P.2d 1087 (1935).

We note that, because of the short time (10 days) between the entry of judgment and the time within which the aggrieved party must perfect his appeal, when the Justice of the Peace elects to defer the decision until after trial and to notify the parties by mail, the aggrieved party may find it almost impossible to exercise his right of appeal. He gets no solace from Rule 6(e) of the Rules of Civil Procedure, 16

A.R.S., which allows an additional time after service of mail, for the Rule specifically states, "This rule has no application to the mailing of notice of entry of judgment." We can envision situations when the 10 day time limit could operate as a flat denial of a party's right to appeal; for example, mail might be delayed so that the party does not receive notice of judgment within 10 days.

■ A party should be able to rely upon the mail for notice and should not be required to contact the Justice of the Peace every day to ascertain if judgment has been entered. We believe that upon a proper showing that notice of judgment was received so late as to make appeal within the statutory time limit impossible, that the Superior Court could relieve the appealing party from strict application of the 10 day rule.

■ In the instant case, the party received notice in time and chose to follow a different and unauthorized procedure. We therefore hold that the appeal was not timely filed. The matter is remanded to the Superior Court with directions to dismiss the appeal.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.