793 P.2d 1149

Jeanne OCCHINO, aka Jeanne S. Occhino, individually and as Trustee of the "Jeanne S. Occhino Revocable Trust" dated April 2, 1986, Plaintiff/Appellant,

v.

Paul OCCHINO as the Personal Representative of the Estate of John F. Occhino; the Successor Trustee Under that Certain Trust Agreement, Dated August 21, 1975; John Does I Through X; Jane Does I Through X; Black and White Corporations I Through X; and XYZ Partnerships I Through X, Defendants/Appellees.

No. 2 CA–CV 90–0106.

Court of Appeals of Arizona, Division 2, Department A.

June 19, 1990.

Snell & Wilmer by Vaughn A. Crawford, Kevin J. Parker, and Robert L. Ehmann, Phoenix, for plaintiff/appellant.

Lewis & Roca by Kimball J. Corson, Phoenix, for defendants/appellees.

## OPINION

ROLL, Presiding Judge.

Jeanne Occhino (Jeanne) appeals from the superior court's ruling that her action for the partition of real property was barred by the statute of limitations. Because we find that the statute of limitations relied upon by the trial court does not apply to an action for partition of real property and laches does not bar Jeanne's appeal, we reverse and remand for further proceedings.

## FACTS

In reviewing a motion to dismiss, we assume the truth of the allegations in the complaint. *Mattison v. Johnston*, 152 Ariz. 109, 114, 730 P.2d 286, 291 (App. 1986). The facts are as follows. Jeanne and John Occhino were divorced August 17, 1978. Pursuant to the divorce decree, Jeanne and John each obtained an undivided one-half interest in property located at 1702 E. McDowell Road, Phoenix, Arizona. A corporate tenant operates a night club on the premises.

John died in August 1987. Paul Occhino is the personal representative for John's estate and is the manager of the corporate tenant. Because of animosity between Jeanne and Paul, Jeanne filed an action seeking partition of the property.

## PROCEDURAL HISTORY

On June 20, 1988, Jeanne filed a complaint seeking partition. The trial court dismissed Jeanne's complaint, ruling that the action was barred by the four-year statute of limitations contained in A.R.S. § 12–550.

## ISSUES ON APPEAL

Jeanne argues that a partition action is not subject to a statute of limitations unless the cotenant has been ousted. Paul contends that Jeanne's lawsuit is barred by

the statute of limitations and this appeal is barred by the doctrine of laches.

### Statute of Limitations

■ Whether a particular statute of limitations applies to any given action is a matter of law. *Hall v. Romero*, 141 Ariz. 120, 127, 685 P.2d 757, 764 (App.1984). Jeanne argues that no statute of limitations bars the partition action; therefore the court erred in applying the four-year limit contained in A.R.S. § 12–550. We agree.

■ The right of partition is an incident of common ownership and is specifically authorized by statute. A.R.S. § 12–1211; *Lawson v. Ridgeway*, 72 Ariz. 253, 265, 233 P.2d 459, 467 (1951).

John's estate and Jeanne own the property as cotenants. A.R.S. § 12–1211(A) states:

> A. The owner or claimant of real property or any interest therein may compel a partition of the property between him and other owners or claimants by filing a complaint in the superior court of the county in which the property, or a portion thereof, is situated.

This statute contains no limitation on when the action can be taken. Jeanne sought to compel partition by filing a complaint.

■ Paul argues that A.R.S. § 12–550 bars this action. We disagree. A.R.S. § 12–550 states:

> Actions other than for recovery of real property for which no limitation is otherwise prescribed shall be brought within four years after the cause of action accrues, and not afterward.

The plain language of the statute precludes its application to actions for the recovery of real property. An action for partition is an action for the recovery of real property. Because a cause of action for partition is a continuing one so long as the cotenancy exists, there is generally no limitation period for bringing a petition for partition. *Beltran v. Razo*, 163 Ariz. 505, 507, 788 P.2d 1256, 1258 (App.1990). If the court were to follow appellees' logic, tenants in common would be required to file an action for partition within four years of the initiation of the joint ownership or lose the opportunity to ever obtain partition. Such a result would be untenable.

### Laches

Paul argues that the unsigned minute entry of July 29, 1988 allowed Jeanne to perfect her appeal and, because she failed to do so, appeal is now precluded by the doctrine of laches.

■ This argument has no merit. An unsigned minute entry is not appealable. *Rancho Pescado, Inc. v. Northwestern Mutual Life Ins. Co.*, 140 Ariz. 174, 181, 680 P.2d 1235, 1242 (App.1984). The time within which a party must perfect an appeal begins when a formal written judgment is signed by the judge and filed with the clerk of superior court. Rule 58(a), R. of Civ.P., 16 A.R.S.; *DNB Const., Inc. v. Superior Court*, 125 Ariz. 61, 62, 607 P.2d 380, 381 (1980).

■ The July 29, 1988 minute entry was not signed, therefore the appeal could not be filed until March 1, 1989, when the final signed judgment was filed with the clerk of superior court.

### CONCLUSION

No statute of limitations applies to an action for partition and laches does not bar this appeal. The superior court's order dismissing the action for partition is reversed and this case is remanded for further proceedings.

HOWARD and HATHAWAY, JJ., concur.