900 P.2d 1234

**JNS HOLDING CORPORATION, an Arizona corporation, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Paul A. Katz, a judge thereof, Respondent Judge,**

**ENER G CORPORATION, INC., a Delaware corporation, Real Party in Interest.**

No. 1 CA–SA 95–0174.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 10, 1995.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth, Beshears, P.A. by Steven J. German and Lisa M. Sommer, Phoenix, for real party in interest.

Cruse, Firetag & Bock, P.C. by John L. Stoss, Phoenix, for petitioner.

OPINION

TOCI, Presiding Judge.

This petition for special action raises the following question: Does the filing of a

post-judgment motion in justice court extend the time within which to file an appeal to the superior court? We conclude that it does not. Furthermore, because petitioner has no remedy by appeal, *see* Rule 20(b), Arizona Superior Court Rules of Appellate Procedure—Civil, and because this is an issue of statewide importance, we grant special action review. *See DNB Construction, Inc. v. Superior Court,* 125 Ariz. 61, 61, 607 P.2d 380, 380 (1980).

The operative facts are as follows: On October 24, 1994, the Phoenix Justice Court entered judgment and an award of attorneys' fees in favor of petitioner JNS Holding Corporation ("JNS"). On October 25, the court mailed notice of entry of the judgment to both the parties. Ten days later, real party in interest, Ener G Corporation ("EGC"), filed a post-judgment motion challenging the award of attorneys' fees. Several weeks later, shortly after the justice court denied the post-judgment motion, EGC filed a notice of appeal. JNS asked the superior court to dismiss the appeal as untimely, arguing that the time for filing a notice of appeal expired ten days after the initial judgment was mailed to both parties on October 25. When the superior court refused to dismiss the appeal, JNS brought this special action.

■ We begin our analysis by observing that the "procedure for appeals from a justice court to the superior court shall be as provided by rules promulgated by the supreme court." Ariz.Rev.Stat.Ann. ("A.R.S.") § 22–262 (1990). Pursuant to section 22–262 our supreme court has promulgated the Arizona Superior Court Rules of Appellate Procedure—Civil ("Superior Court Rules of Civil Appellate Procedure"). *See* 17B A.R.S., Sup. Ct.R.App.P.—Civ. (1988 & Supp.1994). According to the Superior Court Rules of Civil Appellate Procedure, Rule 9(a), a civil appeal from justice court must be filed within ten days of the mailing of the judgment. These rules make no provision for extensions in the case of post-judgment motions. Further-

more, Rule 5(b) of the Superior Court Rules of Civil Appellate Procedure provides that the superior court "may not ... extend the time for filing a notice of appeal." Although Rule 3 of these rules grants the superior court broad authority to suspend the procedural requirements of the rules, it specifically provides that the superior court may not act in contravention of the Rule 5(b) time limit. *Cf. DNB Construction,* 125 Ariz. at 63, 607 P.2d at 382 (superior court may only grant relief from ten-day limit where party is denied notice of judgment).

■ It is true that Rule 9(b), Arizona Rules of Civil Appellate Procedure, extends the time for appeals in cases where certain post-judgment motions have been filed. A.R.S. section 22–211 (Supp.1994), however, provides, "[t]he law governing procedure and practice in the superior court so far as applicable and *when not otherwise specially prescribed,* shall govern procedure and practice in justice of the peace courts." (Emphasis added.) Rule 9(b) of the Arizona Rules of Civil Appellate Procedure is not part of the "procedure and practice in superior court." Rather, its application is limited to the Arizona Court of Appeals and Supreme Court. *See* Ariz.R.Civ.App.P. 1. Furthermore, although the filing of a notice of appeal is a "procedure in justice court," the time limit for that procedure is "specially prescribed" in the Superior Court Rules of Civil Appellate Procedure. Thus, we conclude that the Arizona Rules of Civil Appellate Procedure are inapplicable to appeals from the justice court.

Our holding is consistent with the Arizona Supreme Court's decision in *DNB Construction.* There, several days after a justice of the peace had rendered judgment and signed the judgment docket, the prevailing party submitted a formal written judgment to the court. That judgment was also signed by the justice of the peace. 125 Ariz. at 61, 607 P.2d at 380. Within ten days after the signing of the formal written judgment, but more than ten days after the first signed docket

entry awarding judgment, the prevailing party appealed to the superior court.[1] 125 Ariz. at 62, 607 P.2d at 381. When the superior court refused to dismiss the appeal, the supreme court granted special action relief. The supreme court noted:

> The procedures for obtaining a judgment ... and for perfecting an appeal from a Justice Court are significantly different from the Superior Court procedures....

> There is nothing in the statutes or rules which provides for the filing of a formal written judgment in the Justice Court. The formal written judgment prepared by [the prevailing party] was of no effect and it did not extend the time for appeal. Appeal being unavailable, the [Superior Court] had no jurisdiction but to dismiss.

*Id.* (citations omitted).

We find the reasoning in *DNB Construction* to be instructive. Here, the Superior Court Rules of Civil Appellate Procedure make no provision for extending the time for appeal in case of post-trial motions. EGC's post-trial motion had no effect on the time for appeal. Thus, EGC's appeal was untimely. *Cf. State v. Wimberg*, 21 Ariz.App. 1, 2, 514 P.2d 1258, 1259 (1973) ("There is no provision for post judgment motions in the City Court which would extend the time for [a criminal] appeal therefrom."). Accordingly, we grant special action relief in this case and direct the superior court to dismiss EGC's appeal.

JNS requests an award of costs and attorneys' fees incurred in the post-trial proceedings in justice court, on appeal, and on its special action. We award JNS costs and attorneys' fees incurred in this special action, subject to compliance with Rule 21, Arizona Rules of Civil Appellate Procedure. We remand to the superior court for determination of the award of costs and attorneys' fees incurred in the lower court proceedings.

McGREGOR and GRANT, JJ., concur.

---

1. Prior to promulgation of the Superior Court Rules of Civil Appellate Procedure the time for appeal was governed by statute and ran from the entry of judgment in the docket. *See* 1963 Ariz. Sess.Laws 24, *codified at* A.R.S. § 22–262, *repealed by* 1981 Ariz.Sess.Laws 444. Under Rule 9(a) of the Superior Court Rules of Civil Appellate Procedure, however, the time for appeal now runs from the *mailing* of the judgment.