NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DANETTE MILLER, *Petitioner/Appellant*,

*v.*

THOMAS ANDREW MILLER, *Respondent/Appellee*.

No. 1 CA-CV 14-0521 FC

FILED 4-16-2015

Appeal from the Superior Court in Maricopa County
No.  FC2007-008371
The Honorable Christopher T. Whitten, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Danette Miller, Phoenix
*Petitioner/Appellant*

Thomas A. Miller, Tempe
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

---

**P O R T L E Y**, Judge:

¶1          Danette Miller ("Mother") appeals from three separate post-decree orders. For the reasons stated below, we affirm the order denying Mother's March 2013 petition to modify parenting time and motion for findings of fact, but vacate the order denying Mother's August 2013 petition to modify parenting time and remand for further findings of fact.

## BACKGROUND

¶2          The parties' divorce decree was entered in 2009. This appeal involves the family court's denial of Mother's post-decree petitions to modify parenting time and request for findings of fact pursuant to Arizona Revised Statutes ("A.R.S.") section 25-403.[1]

¶3          The first order on appeal denied Mother's March 2013 petition to modify parenting time. At the time Mother filed the petition, she had sole legal custody (now legal decision-making) of the parties' two minor children, and the parties shared equal parenting time. After an evidentiary hearing, the family court denied Mother's petition, concluding there had not been a material change of circumstances affecting the welfare of the children. The court made the ruling in an unsigned minute entry order filed June 6, 2013. The court subsequently denied Mother's request for additional findings pursuant to A.R.S. § 25-403 in another unsigned minute entry order.

¶4          On August 1, 2013, Mother filed another petition to modify parenting time. Following an evidentiary hearing, the court denied Mother's petition in an unsigned minute entry order filed December 13, 2013. The court noted that Father's continued "mediocre compliance" with court orders, which adversely affected the children, was not a material change in circumstances. Mother's motion for reconsideration/objection to the lack of findings was also denied.

---

[1] We cite to the current version of the statute unless otherwise noted.

¶5 In June 2014, the court granted Mother's request to issue signed orders corresponding with its prior orders: (1) denying Mother's March 2013 petition to modify parenting time; (2) denying Mother's request for additional findings pursuant to § 25-403; and (3) denying Mother's August 2013 petition to modify parenting time. Mother filed a notice of appeal from these signed orders.

## JURISDICTION

¶6 Father argues that we lack jurisdiction over this appeal because Mother failed to file a notice of appeal within thirty days of the orders from which she appeals. *See* Arizona Rules of Civil Appellate Procedure ("ARCAP") 9(a) (2014).[2] The court's original orders, filed in June, July, and December 2013, were not appealable until they were signed. *See* ARCAP 9(b)(2)(A) ("For the purposes of this subdivision, entry of an order occurs when a signed written order is filed with the clerk of the superior court."); *see also Occhino v. Occhino,* 164 Ariz. 482, 484, 793 P.2d 1149, 1151 (App. 1990) ("An unsigned minute entry is not appealable."). Mother filed her notice of appeal within thirty days from the entry of the *signed* orders from which she appeals.

¶7 Father aptly notes that the delay between the original orders and the signed orders is significant. However, a party who wishes to appeal or to commence the running of time for the other party to appeal may ask the court to enter a signed judgment. *See Bollermann v. Nowlis,* 234 Ariz. 340, 342, ¶ 12, 322 P.3d 157, 159 (2014). There is currently no time limitation on when this must occur.

¶8 Mother requested signed orders on December 26, 2013. Despite the significant passage of time between her request and the original orders, we can find no procedural bar to Mother's notice of appeal because the original orders were not final and appealable until the court reissued signed orders in June 2014. As a result, we conclude that we have jurisdiction over Mother's appeal from all three orders.

## DISCUSSION

¶9 On a petition to modify parenting time, "the court must initially determine whether a change of circumstances has occurred since the last custody order. Only after the court finds a change has occurred

---

[2] ARCAP was substantially amended effective January 1, 2015. In this case, however, we apply the earlier version of ARCAP which was in effect when the notice of appeal was filed in 2014.

does the court reach the question of whether a change in custody would be in the child's best interest." *Pridgeon v. Superior Court (LaMarca)*, 134 Ariz. 177, 179, 655 P.2d 1, 3 (1982) (citations omitted); *see also Christopher K. v. Markaa S.*, 233 Ariz. 297, 300, ¶ 15, 311 P.3d 1110, 1113 (App. 2013) (same); *Owen v. Blackhawk*, 206 Ariz. 418, 421, ¶ 11, 79 P.3d 667, 670 (App. 2003) (holding a substantial change in joint physical custody constitutes a change in custody requiring § 25-403 findings). The court's discretionary determination regarding whether or not a change of circumstances has occurred "will not be reversed absent a clear abuse of discretion, *i.e.*, a clear absence of evidence to support its actions." *Pridgeon*, 134 Ariz. at 179, 655 P.2d at 3.

## I. First Petition to Modify Parenting Time & Request for Findings

**¶10** Mother contends the family court abused its discretion in denying the March 2013 petition to modify parenting time because Father's neglect of the children's medical and education needs was a change in circumstances warranting a reduction in his parenting time. Mother contends the court's "concerns" that Father was "dropping the ball" in supervising the children's homework and daily medication use, did not support its conclusion that there was not yet a material change in circumstances affecting the children's welfare.

**¶11** The fact that Mother established two new areas of conflict did not mandate a conclusion of changed circumstances. The parties have had an extremely high level of conflict and inability to co-parent since the decree was issued. The court has been involved in resolving many of these conflicts and is uniquely qualified to determine when the degree of conflict or area of concern constitutes a change in circumstances justifying a modification of parenting time. We will not disturb that determination on appeal absent an abuse of discretion. *Id.* An abuse of discretion exists when there is a clear absence of evidence supporting the court's decision or where the court ignored evidence. *Id.* (citations omitted). There was no evidence that, at that time, Father's failures materially affected the children. Accordingly, we affirm the order denying Mother's March 2013 petition to modify parenting time.

**¶12** Additionally, Mother contends the court erroneously denied her request to make findings pursuant to § 25-403. The court first decides whether changed circumstances exist before determining whether modification is in the children's best interests. *See Pridgeon*, 134 Ariz. at 179, 655 P.2d at 3; *Christopher K.*, 233 Ariz. at 300, ¶ 15, 311 P.3d at 1113. Because the court did not find changed circumstances, it was not required to make

a best interests analysis and list its findings.  Thus, we affirm the order denying Mother's request for § 25-403 findings.

## II.  Second Petition to Modify Parenting Time

**¶13**        Mother also appeals the order denying her August 2013 petition to modify parenting time.  Mother contends the court ignored evidence of changed circumstances, specifically allegations of domestic violence and the medical diagnosis that the children suffered physical symptoms as a result of stress and anxiety.  Mother provided evidence that one child complained of stomach aches and said Father yelled and cursed, and that the pediatrician diagnosed one child with stomach aches related to anxiety.

**¶14**        Mother contends that, contrary to the court's conclusion, the fact that the children suffered physical symptoms related to anxiety constituted a change in circumstances materially affecting the children's welfare.  At the December 2013 hearing, Mother presented uncontested evidence that at least one child is now suffering physical symptoms of stress and anxiety related to the parties' high-conflict divorce.  Although somewhat at odds with the May 2013 order, the December 2013 order found no changed circumstances because Father's failure to comply with the court orders has affected the children in the past.  However, our review of the record revealed no previous allegations or evidence that the children suffered any physical symptoms or health issues as a result of the parties' on-going high conflict.  Therefore, the evidence that at least one child now has physical symptoms or health issues related to anxiety may constitute a changed circumstance materially affecting the welfare of the children.  *See Christopher K.*, 233 Ariz. at 300, ¶ 15, 311 P.3d at 1113.  The family court's conclusion that Mother "failed to show that there has been a 'material change of circumstances affecting the welfare of the child' since May 31, 2013" is contrary to the evidence.

**¶15**        The court correctly noted that Father's "continued mediocre compliance" with court orders was not a changed circumstance.  However, the fact that the parents' on-going conflict is now affecting one child's physical health constitutes a change in circumstances.  Given the new evidence, the court was required to determine whether a modification of parenting time was in the children's best interests. *See id.*  The court failed to make the necessary findings pursuant to § 25-403; therefore, we must remand for such findings.

**¶16** Mother also argues that the court ignored evidence of domestic violence. Mother did not raise allegations of domestic violence until her motion for reconsideration. Because § 25-403 requires the court to consider all evidence relating to the children's best interests, including domestic violence, on remand the court shall determine whether there has been domestic violence, in addition to considering all other factors. "Specific findings are required regardless of whether the court decides to grant or deny the petition." *Christopher K.*, 233 Ariz. at 301, ¶ 18, 311 P.3d at 1114. We leave it to the court's discretion whether further proceedings are necessary or if the findings can be made based on the record. We express no opinion as to whether the evidence presented at the December 2, 2013 hearing warrants a modification.

### III. Costs on Appeal

**¶17** Both parties request an award of costs on appeal pursuant to § 25-324. Each contends the other party took unreasonable positions. Both parties have limited financial resources, as evidenced by the fee deferrals granted in this appeal. We do not find one party took a more unreasonable position than the other and, therefore, decline to award costs pursuant to § 25-324.[3] We also do not find either party's conduct sanctionable and decline to impose sanctions pursuant to ARCAP 25. However, Mother is entitled to her costs on appeal pursuant to § 12-342.

### CONCLUSION

**¶18** We affirm the order denying Mother's March 2013 petition to modify and related motion for findings. We vacate the order denying Mother's August 2013 petition to modify parenting time and remand for the superior court to make the findings required by § 25-403.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[3] Although Father requests costs pursuant to A.R.S. § 12-329, the statute does not exist.