NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CINDY J. STEDMAN, *Plaintiff/Appellant,*

*v.*

EDWARD POLOMSKI, *Defendant/Appellee.*

No. 1 CA-CV 19-0297
FILED 1-30-2020

Appeal from the Superior Court in Maricopa County
No. CV 2017-051053
The Honorable James D. Smith, Judge

**VACATED AND REMANDED**

APPEARANCES

Craig Collins Law Office LLC, Sun City West
By Craig E. Collins
*Counsel for Plaintiff/Appellant*

Edward Polomski, Litchfield Park
*Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1        Cindy Stedman appeals from the superior court's order compelling a partition sale of real property owned jointly with Edward Polomski. "[T]he rule is well settled that, where one of two obligors equally bound pays off and discharges the obligation, he is entitled to recover from the other the proportion that he was obligated to pay." *Brown v. Brown*, 58 Ariz. 333, 336 (1941). Because the partition order fails to fully reimburse Stedman for the separate funds she expended to maintain the property and discharge its encumbrance, we vacate the court's ruling and remand for proceedings consistent with this decision.

## BACKGROUND

¶2        In 2005, Stedman began residing with Polomski in his home ("the property"). During the years that followed, the parties engaged in a series of property-related transactions: (1) in 2007, Polomski conveyed the property to himself and Stedman as tenants in common through a warranty deed and the parties encumbered the property with a $225,000 loan (First Deed of Trust); (2) in 2009, Polomski conveyed his interest in the property to Stedman through a warranty deed, and Stedman encumbered the property with a $246,000 loan (Second Deed of Trust), a portion of which was used to pay off the First Deed of Trust; (3) in 2010, Stedman conveyed the property to herself and Polomski as joint tenants with the right of survivorship; and (4) in 2013, Stedman used her inheritance proceeds to pay off the Second Deed of Trust.

¶3        In 2017, Stedman filed a complaint seeking partition and reimbursement for her separate contributions to maintain the property and remove the encumbrance. As outlined in her requested relief, Stedman asked the superior court to: (1) order the property sold, (2) divide the sale proceeds equally between the parties, and (3) award Stedman $392,641.73 from Polomski's share to compensate for her separate contributions.

2

¶4        After a one-day bench trial, the superior court found that: (1) both parties expended substantial resources toward improving the property, but neither side submitted evidence quantifying the value of those improvements; and (2) Stedman paid a disproportionate share of expenses to maintain the property (insurance, taxes, and mortgage—$312,228.13), with no offsetting contributions by Polomski. Accordingly, the court found that Stedman was entitled to reimbursement for one-half of those contributions ($156,114.07) *from the sale proceeds*.

¶5        Arguing the superior court's ruling "effectively result[ed]" in Polomski contributing only 25 percent to the property's maintenance and encumbrance obligations, Stedman moved to amend. She asked the court to order that: (1) she receive $312,228.12 in reimbursement from the net sale proceeds, with the remainder divided equally, or (2) the parties divide the net sale proceeds equally, with Polomski paying her $156,114.07 from his one-half share. The court denied the motion to amend, reasoning it would result in a "windfall" to Stedman. Stedman timely appealed.

## DISCUSSION

¶6        Stedman contends the superior court failed to fully reimburse her for the separate funds she expended on the property. In making this argument, Stedman does not challenge any of the court's factual findings, only its application of the law to those findings.

¶7        We review the denial of a motion to amend a judgment for an abuse of discretion. *See Mullin v. Brown*, 210 Ariz. 545, 547, ¶ 2 (App. 2005). We review questions of law, however, de novo. *City of Phoenix v. Ariz. Rent-A-Car Systems, Inc.*, 182 Ariz. 75, 77 (App. 1995).

¶8        The right of partition is an incident of common ownership authorized explicitly by statute. *Occhino v. Occhino*, 164 Ariz. 482, 484 (App. 1990). Under A.R.S. § 12-1211(A), the owner of any interest in real property may seek partition between herself and other owners of the property. After a jointly-held property is sold, the proceeds are generally divided among the owners "according to their respective interests." A.R.S. § 12-1218(C). But, when one party has paid an obligation owed equally by another party, she is entitled to recover from the other for his respective share. *See In re Marriage of Berger*, 140 Ariz. 156, 161–62 (App. 1993) (explaining a party is entitled to reimbursement for separate funds expended on the jointly-held property).

¶9        As stated in its order denying the motion to amend, the superior court deemed Stedman's right to reimbursement as substantially

similar to an obligation owed to any third party. Working from that premise, the court concluded that the reimbursement funds should be subtracted from the net sale proceeds *before* the proceeds are divided between Stedman and Polomski. The third-party analogy is incorrect, however. While Stedman, as co-owner, would owe one-half of a property-related debt to a third party, she does not owe any portion of the reimbursement to herself. Stated differently, the reimbursement owed to Stedman ($156,114.07) is an obligation held by Polomski alone, not by the parties as joint tenants. Therefore, only Polomski's interest in the sale proceeds should be reduced to fund the reimbursement.

¶10        Because the partition order failed to reimburse Stedman for her expenditures fully, the court abused its discretion by denying her motion to amend. To wholly reimburse Stedman for the separate funds she expended on behalf of the jointly-held property, the net sale proceeds should be divided equally between the parties and Stedman should be awarded $156,114.07 from Polomski's share.

## CONCLUSION

¶11        For the foregoing reasons, we vacate the partition order and remand for proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA